No. 32,764

GEORGE W. ROLL (Petitioner), *Appellant,* v. ANNA B. ROLL (Respondent), *Appellee.*

Opinion filed April 11, 1936.

*W. J. Pirtle,* of Council Grove, and *A. Harry Crane,* of Topeka, for the appellant.

*Harry M. Tompkins* and *Henry Torgeson,* both of Council Grove, for the appellee.

The opinion of the court was delivered by

. SMITH, J.: This was a habeas corpus action brought by George W. Roll against Anna B. Roll to obtain the custody of their minor child, John J. Roll. Judgment was for respondent. Petitioner appeals.

The facts are simple. George W. and Anna B. Roll formerly were man and wife and lived in the state of Washington. They were the parents of five children. On February 27, 1929, in a divorce action in Washington, brought by Anna, she was granted a divorce and alimony and the custody of the five minor children. John J. Roll, the child for possession of whom this case was brought, was one of these. At that time he was five years old.

A few months after the divorce was granted respondent moved to Morris county, Kansas, with all the children, and has lived there ever since.

On December 22, 1932, a hearing was had before the court that had granted the decree, on a motion to modify that decree. Respondent appeared at that hearing by her attorney. At that hearing the Washington court found that John J. Roll was suffering from asthma, and that it was necessary in order that his health might be improved that he have a change of climate. The order further modified the divorce decree by awarding the custody of John J. Roll to his father. Mrs. Roll refused to comply with this order.

On January 29, 1934, a hearing was had in the Washington court on a motion filed by Mrs. Roll wherein she sought to have the decree of the court last referred to modified so as to give her the custody of John. At that hearing the Washington court adhered to the order giving custody of John to his father. The court made an order stating it to be the opinion of the court that irrespective of whether or not the health of John demanded it, the custody of John should be transferred from the mother in Kansas to the father in Washington. Mrs. Roll refused to obey this order.

On July 25, 1934, this action was commenced in Morris county, Kansas, by the father against the mother to obtain custody of John under the decree of the Washington court of January 29, 1934.

On May 8, 1935, the case came on for hearing. The trial court found for the mother, the respondent, and refused the writ. This appeal followed.

The petition for the writ set up the facts about as they have been stated here. The petition alleged that the restraint of John J. Roll was illegal because the court in Washington had awarded his custody to the father, the petitioner here. The position of respondent in the trial court was that the court of Washington had no jurisdiction over the custody of John J. Roll after he had left the state and that even though that court did have jurisdiction the circumstances of all parties had changed in the time that had elapsed between the making of the order of January 29, 1934, when the last order awarding the custody of John to his father, was made, and May 28, 1935, when the order denying the writ was made by the trial court in this action. The case was tried in the court below on this theory. The court admitted all evidence offered that tended to bear on this subject.

The first argument of petitioner in this court is that the court in Washington had jurisdiction to modify the divorce decree as to the

custody of the minor child even though the child lived in Kansas when this order was made. On account of the view we have taken of this case as to its final determination it will not be necessary for us to decide that question. The next question urged is that the decree of the Washington court is *res judicata* of all the questions in this case.

The controlling question in a case that concerns the custody of a child is the present welfare of the child. That can never be decided on the basis of what the circumstances and surroundings of the child were at some time in the past. The controlling question is, What is the situation at the present time? Laying aside for a moment the fact that the order of January 29, 1934, was made by a court of another state, suppose it had been made by a court in this state and no appeal taken. Under such circumstances an interested party could go into court and show that the situation of the parties had changed so that the welfare of the child demanded that its custody be changed. The parents are not the only parties interested when a home is broken up and the question of the custody of the children is involved. The state is always at hand to see that the welfare of the child is safeguarded. That question must always be examined from the standpoint of the present, not some former time. (See *Wear v. Wear,* 130 Kan. 205, 285 Pac. 606, and cases cited.)

The petitioner next argues that the court could only consider evidence as to the change in the condition and circumstances of the parties subsequent to the decree of the Washington court on January 29, 1934. The record discloses that this was all the court did consider on the question of whether the custody should be changed. It is true, however, that in order for the court to pass on the matter in an intelligent manner it should have the entire picture before it. In order to bring this about evidence of conditions and surrounding circumstances of the parties from the beginning had to be introduced. The court stated that the evidence of what happened prior to the order of January, 1934, would be disregarded.

Petitioner next argues that the evidence failed to show any change in the circumstances of the parties such as to warrant the court in denying the writ. The question of which one of two estranged parents should be awarded the custody of a child is one of the most perplexing with which courts have to deal. But little would be added to this opinion by setting out the evidence that was introduced at the trial. The court made findings of fact and conclusions

of law in which all the issues of fact in the case were fully covered. In addition to this, the court made a statement as to the case. In this statement the court said: "I think there is some evidence that the boy's physical condition has changed since January of 1934, and there is very substantial evidence that his mother's financial condition has changed, and her ability to care for him."

Petitioner argues the case here as though the only question of fact to be considered by the trial court in this case is whether there had been any change in the boy's health since the hearing before the Washington court. This position of petitioner is based on the fact that at the first hearing before the Washington court the original decree was modified because the court found that the health of the child made a change of climate necessary. The second order was not made entirely for that reason, however. At the hearing before the trial court in this case much evidence was introduced bearing on this point. It would have been error to have confined the inquiry to such narrow limits, however. There are so many factors that bear on the question of suitability of a parent for the custody of a child that the field of exploration is well-nigh limitless. There can be no question but that the financial condition of the mother is an important matter to be considered when weighing the question of whether a minor child should be continued in her custody. In this case there was substantial evidence that this had improved since the former hearing. On the question of the health of the child, it appears that at one time he suffered from asthma. There was ample evidence that he no longer suffered from that trouble. In fact, the evidence was overwhelming that at the time of the hearing in this case he was an ordinary, normal, healthy boy. We cannot agree with the contention of petitioner that there was no evidence of a change in the condition and circumstances of the parties subsequent to the hearing before the Washington court in January, 1934.

Petitioner next points out the finding of the court as follows: "The welfare and health of John J. Roll are best served by his remaining in the state of Kansas and in the custody of his mother." The argument is that there was no evidence to support such a finding. What has already been said in this opinion disposes of that argument.

The judgment of the trial court is affirmed.