No. 36,757

GLENN W. TRAVIS, *Appellee*, v. MARJORIE M. TRAVIS, *Appellant*.

(180 P. 2d 310)

HARRY W. FISHER, judge. Opinion filed May 3, 1947.

*Walter B. Patterson*, of Fort Scott, argued the cause and was on the briefs for the appellant.

*Douglas Hudson*, of Fort Scott, argued the cause, and *Howard Hudson* and *Douglas G. Hudson*, both of Fort Scott, were with him on the briefs for the appellee.

The opinion of the court was delivered by

THIELE, J.: The question presented in this appeal is whether the trial court, in a divorce action between the parents, erred in its order concerning custody of a child.

, At the trial, the defendant requested the court to make findings of fact and conclusions of law, which it did. No complaint is made of the findings of fact, which, as far as it is necessary to notice, disclose the following: One child, Robert Lee Travis, now four years of age, was the issue of the marriage and both parties desire custody of him. The father, who is employed by the Frisco

railroad, and earns about $2,000 annually, lives with his mother, who is a widow owning her own home in Fort Scott. The mother, who is employed as a secretary at a hospital, and earns $90 a month, lives with her parents, who reside on a farm near Fort Scott. The child would be well cared for by the grandparents in either home. In a negative way it may be said there is no finding that either the father or mother is not a fit and proper person to have custody of the child. Under the head of conclusions of law the trial court found that plaintiff was entitled to a divorce from defendant on the ground of gross neglect of duty, and no complaint is made thereof. The court further concluded that the father should have custody of the child until September 30, 1946, and the mother should have custody thereafter until March 31, 1947, and thereafter the father should have custody for six months and the mother for six months, in alternating periods, until the child is of school age, when the child should be in the custody of the mother when the child was in school and in the custody of the father during vacation periods, the court retaining jurisdiction to make such further order as circumstances may require; that both parents and grandparents should have liberal rights of visitation, and that during their respective periods of custody, each party should adequately support and care for the child, and if the child is in need of additional support, the court, on motion of either party, would modify its order. Judgment was rendered accordingly.

Defendant's post-trial motions to set aside certain findings and conclusions and to substitute others were denied. She filed no motion for a new trial. She appeals from the judgment insofar as it denies her an allowance for the support of the child and insofar as it provides for alternating periods of custody and denies her full custody of the child.

Appellant contends that the trial court erred in not giving her an allowance for support money of the child. The gist of her argument in support is that notwithstanding the result of the divorce action as settling marital duties between the parties, the parental duty of the father to support the child remains (*Trunkey v. Johnson,* 154 Kan. 725, 121 P. 2d 247); that under the statute (G. S. 1935, 60-1510) the court is to make such an order (*Sharp v. Sharp,* 154 Kan. 175, 117 P. 2d 561); and that the obligation to support the child was not canceled by the fact the divorce was granted to him because of the fault of his wife (*Rowell v. Rowell,*

97 Kan. 16, 154 P. 2d 243; Ann. Cas. 1918 C 936). Appellee directs our attention to an annotation in 15 A. L. R 569, 571, in which it is stated that where a divorce is granted to the husband for the fault of the wife and custody of the children is awarded to the wife, the husband is not liable for the support of the children. It is to be observed that this is an exception to the rule, supported by the weight of authority, that a father is not released from his obligation to support his minor children where the mother has been granted a divorce and has been awarded custody. We need not pursue this exception to the rule further, however, for it is contrary to the reasoning in *Rowell v. Rowell,* supra. If the only question in this case was an allowance to the wife for the support of the child, we would have difficulty in approving the trial court's action, but the matter must be viewed in the light of the order for custody, which as has been shown, gave alternating custody between the separated parents, and therefore we pass on to appellant's second contention that the trial court erred in providing for such alternating or divided custody.

It may be noted that in her answer, appellant had asked for custody of the child, and after the trial court had made its findings of fact and conclusions of law, she sought to have a conclusion made that she was a proper and suitable person to have custody, particularly so in that the child was of tender years, and that she should have such custody. It may be further observed that although the trial court made no specific finding she was a fit person to have custody, it did award her alternate custody, in effect holding she was a proper person. Under the same reasoning it included a finding the appellee was a fit and proper person. (See *May v. May,* 162 Kan. 425, 427, 176 P. 2d 533.)

In general support of her contention the trial court erred in providing for alternate custody of the child, appellant directs our attention to some of our decisions which we note briefly.

In *Roll v. Roll,* 143 Kan. 704, 56 P. 2d 61, wherein a father sought a writ of habeas corpus to recover possession and custody of a boy about ten years old from its mother, under an order changing custody made by a court in the state of Washington which had previously heard a divorce action between the parents, had granted the wife a divorce and given her custody of minor children, without reviewing all of the facts it may be said the writ was denied, this court holding:

"In a habeas corpus action for the custody of a minor child, the welfare of the child at the time of the hearing, not at some former time, is the decisive factor in the action." (Syl. ¶ 1.)

*White v. White*, 160 Kan. 32, 159 P. 2d 461, was also a proceeding for a writ of habeas corpus. The father and mother had been divorced in California in 1937. In that action custody of two girls under five years of age had been awarded the father with right of visitation in the mother. Later a modified order was made. Ultimately further applications for change were made and the father was ordered not to take the children out of California. On a later application for change, custody was awarded the mother, but before the order could be served the father with the children had left the state. Thereafter the mother found the father and children in Kansas and in 1944 she instituted the habeas corpus proceedings. Reference is made to the opinion for a fuller statement of the facts, and for a statement stressed by the appellant about the tragedy of broken homes, as well as our reasons for reversing the trial court for its denial of the writ, it being held in part that:

"Where the fitness of one parent to have custody of a minor child has been determined and by valid decree custody has been awarded to such parent, and in a subsequent action the other parent seeks to obtain custody, the burden is upon such other parent to show that custody should be so changed." (Syl. ¶ 3.)

Although other matters were involved in *Wilkinson v. Wilkinson*, 147 Kan. 485, 77 P. 2d 946, plaintiff had asked for change of custody of a fifteen-year-old child previously given his former wife. An order of the trial court ordering the change was reversed, this court stating:

"There is no contention that the mother is an improper person to have the care of the child. To transfer this child from her home with her mother where she has been since she was two years of age and where she is happy and well cared for, to the home of the plaintiff, who has a new wife and two children, and who is unable to support his present family, seems unwarranted. We think this order should be set aside." (l. c. 488.)

Appellant also cites *Janney v. Janney*, 159 Kan. 230, 154 P. 2d 131, and directs our attention to the italicized portion of the opinion quoted below. There, in a divorce action, custody of a nine-year-old boy had been awarded the mother, but without any change being made in the court's order she permitted the child to reside with his father, who had remarried. After three years the father sought and obtained an order for custody under circumstances set forth in the

opinion. In disposing of the mother's contention the trial court erred; this court said, in part:

"We need scarcely repeat the elementary rule that when parents are divorced, the welfare of their children becomes the grave responsibility of the trial court. *If a child is of tender age, almost of necessity it must be entrusted to its mother's care, without weighing unduly what may be some possible shortcomings in her character or conduct, and notwithstanding the divorced father may be a man of superior character and attainments.* But a court's order conferring the custody of a child upon one parent or the other is not a finality in the same sense as a final judgment in an ordinary lawsuit. Civ. Code, § 672, G. S. 1935, 60-1510; *Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071; *Greenwood v. Greenwood,* 85 Kan. 303, 307, 116 Pac. 828.) See, also, *Woodall v. Alexander,* 107 Kan. 632, 193 Pac. 185. As a child grows out of babyhood or its early minority it may and frequently does happen that its welfare will be better served by changing its custody from an indifferent mother to a more considerate father. We think the present case is a good instance of this sort." (l. c. 231, our emphasis.)

The general effect of appellant's argument is that where the record in a divorce suit shows a child to be of tender age and the mother a fit person to have its custody, the court must make such an order. Appellant does not contend, however, that the above cases are decisive of the question of alternate custody as presented in the case at bar.

Appellant, however, does direct our attention to other authorities, which she contends support the proposition that where she has not been found to be unfit, the custody of a young child should be awarded to her. We have examined these authorities, but no purpose will be served in analyzing each of them. It is correct to say that unless the mother is shown to be unfit, she may properly be awarded custody of her minor child (19 C. J. 345; 17 Am. Jur. 517) but that premise does not necessarily result in a conclusion that an order giving custody to the father or providing for alternate periods of custody is erroneous. Among the cases cited by appellant are the following:

In *Towles v. Towles,* 176 Ky. 225, 195 S. W. 437, in a divorce suit the chancellor awarded custody of two young boys to the mother for one month, to the father the next month, and so on. The supreme court reversed, saying that such an arrangement would be to the detriment of the children because it would give them no fixed or permanent home, but would keep them unsettled and on the move.

A somewhat similar situation was involved in *Larson v. Larson,* 176 Minn. 490, 223 N. W. 789. The wife obtained a divorce for

fault of her husband and was awarded custody of a child four years old. The wife remarried and moved to another state. Under the law of Minnesota she had the right to take the child to her home. The husband moved for an order giving him custody during two named months and on alternate week ends during the remainder of the year and such an order was made. On appeal this order was reversed, the court stating that part time or divided custody was not desirable and that if the order were carried out the child would spend a substantial part of its time traveling; that such moving between two homes and two states affected home influence of the child and the order was an abuse of discretion in the situation.

In *Meadors v. Meadors,* 213 Ky. 397, 281 S. W. 180, in a divorce action custody of a three-year-old child had been given the mother who later remarried but had no other children. The father had remarried and had two children by the second marriage. More than three years after the decree he sought an order relieving him of contributing to the first child's support and for change of custody. He made no attack on the mother's character. He obtained the relief sought but on appeal the supreme court reversed, the court stating that children of tender years are placed with the mother when she is found worthy, and upon the record there was no doubt of her right to have custody and that the welfare of the child would be conserved thereby. No question of alternate custody was involved.

In *Sachs v. Sachs,* 145 Ore. 23, 25 P. 2d 159, a wife in a divorce action had been awarded custody of a one-year-old child. Later the husband sought custody. In disposing of his contentions the supreme court stated that generally custody of a child of tender years should be awarded to the mother unless she is grossly immoral and if she is a fairly good parent in other respects, and such an award should not be modified so long as the circumstances remained unchanged. Again no question of alternate custody was involved.

In *Swift v. Swift,* 37 S. W. 2d 241 (Tex. Civ. App.), custody of an eighteen-month-old girl had been given the mother. Later the husband sought an order for part time custody. The evidence showed the husband had no home of his own and that he expected to take the child to his parents who lived six hundred miles away; that the child was in delicate health; that the father had contributed little to the child's support since it was four months old. The

supreme court held that preference should be given the mother; that awards of custody for alternate periods of short duration had been disapproved, and that while large discretion is vested in a trial court in awarding custody of minors, such awards are subject to review on appeal. The mother was given custody.

· In *Mason v. Mason*, 163 Wash. 539, 1 P. 2d 885, the mother had been granted a divorce and custody of a three-year-old child. Three years later the father applied for and received an order providing that for four days of each week the child should be under the care and control of its maternal grandmother and the other three days under care and control of its paternal grandmother. The supreme court reversed, stating the order made the child a perpetual traveler and the constant change of environment, discipline and control would undoubtedly prove harmful to the child. The court further stated there is no substitute for mother love in caring for and rearing a child and hence courts are loath to deprive her of custody and that it was the birthright of every child to be reared by its mother unless she be unworthy.

We shall not review other decisions to which our attention is directed, but content ourselves by saying that while all deal with custody of minor children, only a part deal with alternate custody, and those mentioned above are indicative of the holdings of those not mentioned.

Under G. S. 1935, 60-1510, it is provided that when a divorce is granted, the court shall make provision for the custody, support and education of the minor children of the marriage and may modify or change any order made whenever the circumstances render such change proper. It is not necessary that we review our many decisions holding that any such order is in the sound discretion of the trial court (see, e. g., *Forster v. Forster*, 148 Kan. 202, 80 P. 2d 1057), and in order to secure a reversal it must appear the trial court abused that discretion. In the case at bar the appellant did not see fit to file any motion for a new trial to challenge any finding of fact, and now is before us on the proposition that on the findings as made, the trial court, as a matter of law, abused its discretion in its judgment for custody. Her argument, as has been stated, is as it must be, that because the trial court did not find her to be an unfit or improper person to have the custody of her child of tender years, it erred, as a matter of law, in not making such an order. If that be true the trial court had no discretion in

the matter. As has been often observed, cases of this type are not easy of solution, but we are not aware of any case which has been ruled as drastically as contended for by the appellant. We must bear in mind the terms of the order for custody presently before us. Of course, it may be said easily that shunting a child back and forth every few days or alternating its custody frequently is, as a matter of law, against the best interests of the child and an abuse of discretion. But that was not the order made. The periods of custody fixed are comparatively long. The trial court had the parties and the witnesses before it, it had the grave responsibility of determining the best interests of the child, and being aware of its power to change its order at any time, may well have concluded to make the order as it did and see what would develop. (See *Janney v. Janney*, supra.) Perhaps on the evidence adduced, this court might have made a different order, but that is not a test. Rather, on the present record we must be able to say, as a matter of law, that the trial court abused its discretion, and that we cannot say.

Taking up again the question of an allowance to the mother for such time as she has the child, it is apparent the trial court believed each parent should support the child while in his or her custody, and it made its conclusion accordingly but carefully pointed out that it would, if the child was in need of additional support, modify its order on the motion of either party. The order for support is so bound with the order for custody that a separation is not easy. We conclude, however, that it has not been shown there was any error with respect to the support and care of the child.

The judgment of the trial court is affirmed.

Hoch, J., not participating.