No. 38,935

THEODORE L. KAMPHAUS, *Appellee,* v. CORNELIA L. KAMPHAUS, *Appellant.*

(256 P. 2d 883)

 Opinion filed May 9, 1953. 

*Vincent G. Fleming,* of Larned, argued the cause and was on the briefs for the appellant.

*Jerome K. Wilson,* of Kinsley, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

WEDELL, J.: The subject of this appeal is an order for change of custody of a ten year old daughter from her mother to her father.

The father was granted a divorce on March 2, 1949. The child in controversy, LaRue Kamphaus, was then seven years of age and her custody was awarded to the mother. The mother married Horace Matthews August 1, 1951, and the daughter continued to live with her mother and stepfather. On May 20, 1952, the father filed an application for the custody of LaRue, which the court granted on June 3, 1952.

Appellant makes various contentions. The first is that a formal order of child custody in a final decree of divorce is not subject to modification in the absence of proof and a finding by the court a change of circumstances has occurred.

No specific findings of fact were requested by either party. The assumption of absence of proof is erroneous. The evidence adduced all pertained to changed conditions since the date of the original custody order. The subject of sufficiency of testimony will be referred to under the treatment of the contention the court abused its discretion.

Appellant asserts the *judgment portion* of the journal entry of divorce rendered in 1949 contained an unqualified order granting her the care and custody of the daughter. The part thereof appellant refers to reads:

"It is ordered that the defendant have the care and custody of Arnold R. Kamphaus and La Rue Kamphaus, and that plaintiff pay defendant for the care and support of said children the sum of $25.00 per month for each child."

Appellee directs attention to the comment of the trial court on the hearing of the instant application for change of custody, as follows:

"I don't recall the circumstances under which I granted the divorce. There must have been some doubt in my mind as to what to do with this little girl at the time, because I have an entry on the docket, 'Children left with the defendant for the present', but the journal entry that was prepared and approved by the attorneys, and which the court signed, doesn't contain the words, 'for the present time.' There must, however, have been a doubt in the court's mind as to whether or not the defendant was a proper person to have the custody of the children."

We need not labor the fact the custody order did not contain the words, "for the present time." The *finding* in the journal entry which pertained to the mother's care and custody contained the additional words, ". . . subject however to the further order and consideration of the Court." But these matters are wholly immaterial. The court possessed a continuing jurisdiction to modify the terms of the custody order or to change the custody entirely if altered conditions and circumstances warranted such change. (G. S. 1949, 60-1510.) In support of the doctrine ·of the court's continuing jurisdiction appellee cites *Moloney v. Moloney,* 167 Kan. 444, 206 P. 2d 1076, in which it was held:

"A decree awarding custody of children becomes *res adjudicata* only concerning matters determined as of the time the decree was rendered. Such a decree does not import finality but is subject to modification depending upon changed conditions affecting the best interests and welfare of the children." (Syl. ¶ 2.)

To the same effect are *Prier v. Lancaster,* 169 Kan. 368, 219 P. 2d 358; *Decker v. Decker,* 171 Kan. 380, 233 P. 2d 527; *Bierce v. Hanson,* 171 Kan. 422, 233 P. 2d 520, which follow the long established rule.

Appellant argues it was an abuse of sound judicial discretion to award custody to the father without (*a*) a specific finding of changed circumstances; (*b*) a finding of the mother's unfitness; and (*c*) making any provision to protect the mother's rights of visitation.

The first point has been treated. Relative to the last point the journal entry of judgment, after granting custody of the child to plaintiff, the father, reads:

". . . subject to the rights of said Defendant to reasonable visitations with said child, until the further order of this court."

We find no request by the mother to have the court make the visitation privilege more definite. In any event the trial court may do that at any time on proper application and showing of need for a more detailed provision.

Relative to the second point under this contention it should be emphasized this controversy over custody was entirely between the parents of the child. This, therefore, is not a case of depriving a parent, or parents, of the custody and control of a child and awarding it to another, or others. As between the parents it was unnecessary the court should make a specific finding of the mother's unfitness in order to make a valid change of custody. As between the parents the question is the best interests of the child. (*Janney v. Janney,* 159 Kan. 230, 154 P. 2d 131; *Bierce v. Hanson,* supra, p. 429.) In the Janney case the custody of an eight-year-old boy was changed from the mother to the father. In the opinion it was aptly stated:

"We need scarcely repeat the elementary rule that when parents are divorced, the welfare of their children becomes the grave responsibility of the trial court. If a child is of tender age, almost of necessity it must be entrusted to its mother's care, without weighing unduly what may be some possible shortcomings in her character or conduct, and notwithstanding the divorced father may be a man of superior character and attainments. But a court's order conferring the custody of a child upon one parent or the other is not a finality in the same sense as a final judgment in an ordinary lawsuit. (Civ. Code, § 672, G. S. 1935, 60-1510; *Miles v. Miles,* 65 Kan. 676, 70 Pac. 631; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071; *Greenwood v. Greenwood,* 85 Kan. 303, 307, 116 Pac. 828.) See, also, *Woodall v. Alexander,* 107 Kan. 632, 193 Pac. 185. As a child grows out of babyhood or its early minority it may and frequently does happen that its welfare will be better served by changing its custody from an indifferent mother to a more considerate father." (p. 231, 232.)

In *Bierce v. Hanson,* supra, the mother was denied an application for the custody of an infant son. It was there said:

"Appellant stresses the recognized rule that a mother, absent a finding of unfitness, ordinarily is entitled to the custody of a child of tender years. We adhere to that rule. This court frequently has.been confronted with such cases. It is unnecessary to review our numerous decisions on the subject. In *Travis v. Travis*, 163 Kan. 54, 180 P. 2d 310, it was well said:

"'Appellant, however, does direct our attention to other authorities, which she contends support the proposition that where she has not been found to be unfit, the custody of a young child should be awarded to her. We have examined these authorities, but no purpose will be served in analyzing each of them. It is correct to say that unless the mother is shown to be unfit, she may properly be awarded custody of her minor child (19 C. J. 345; 17 Am. Jur. 517) but that premise does not necessarily result in a conclusion that an order giving custody to the father or providing for alternate periods of custody is erroneous.' (p. 58.)

"Obviously the foregoing statement is sound doctrine and must be the rule. If the rule were otherwise a trial court would be deprived entirely of exercising any discretion with respect to the best interests of the child where a child or children of tender years are involved." (p. 427.)

In the Bierce case we further stated:

"It is true the court stated neither of the parents was unfit to have the custody of the child. The sole question that remained was therefore the best interests of the child in view of all the facts and circumstances of this particular case." (p. 429.)

Appellant asserts the burden of proof in support of a motion for change of custody rests on the movant, citing *White v. White*, 160 Kan. 32, 159 P. 2d 461; *Bierce v. Hanson*, supra. That is the rule. In the instant case the district court, the trier of the facts, was satisfied appellee's proof had met the required burden. It was the district court and not this court that was to be satisfied with the proof. (*Bierce v. Hanson*, supra, p. 429.)

Appellant also argues the district court abused sound judicial discretion in awarding custody to the father. It is elementary that whether a child custody order will be changed or modified rests in the sound judicial discretion of the trial court and that its order will not be disturbed on appeal unless the record clearly discloses the court abused its discretion. (*Dodd v. Dodd*, 171 Kan. 46, 229 P. 2d 761; *Bierce v. Hanson*, supra, p. 429.)

The record has been thoroughly examined. It is unnecessary to spread the sordid facts upon the public records. The evidence abundantly supports the trial court's express finding the best interests of the child required the change of custody.

There is no evidence which even tends to discredit appellee, the child's natural father, as a proper custodian of his child. He had been an employee at a filling station in Kinsley, the home of the

parties, for seven years. It appears a job was available to him at Canute, Okla., where he had relatives. A married niece and a married sister each had homes there. Each agreed she would make a home for appellee and LaRue if they would come to live with them. They both stated good schools and churches were available there.

Appellant argues it constituted abuse of discretion to award custody of the child to an unmarried laboring man who intended to move to Oklahoma without the court making its continuing jurisdiction of the child effective by requiring a proper bond for the child's return if that should become necessary. That the court had such authority is clear. (*Hedding v. Inman,* 172 Kan. 567, 241 P. 2d 479.) But it will not be too late for it to consider such an order after our affirmance of the judgment. The district court is also in a far better position than this court to ascertain the necessary facts upon which to fix the terms of a proper visitation order in case the child is removed from the state.

The judgment is affirmed.