No. 39,437

ROY E. COLLINS, *Appellee,* v. CLEO M. COLLINS, *Appellant.*

(276 P. 2d 321)

Opinion filed November 13, 1954.

*Melvin O. Nuss,* of Great Bend, argued the cause, and *Vernon L. Nuss,* of Great Bend, was with him on the briefs for the appellant.

*John K. Bremyer,* of McPherson, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

HARVEY, C. J.: This is an appeal from an order of the court changing the custody of children. The parties were married July 5, 1944. They are the parents of two children, Norman Eugene Collins, born May 16, 1947, and Shiela Louise Collins, born May 13, 1948. On September 26, 1952, plaintiff procured a divorce from defendant upon the grounds of extreme cruelty and gross neglect of duty. Defendant was not present at the trial but was represented by an attorney. The custody of the children was given to

Jean Good, of Larned, the wife of defendant's brother, with the right of plaintiff and defendant to visit the children at all reasonable times. This was done upon the written stipulation of the parties. Plaintiff was ordered to pay $15 per week for the support of the children.

On April 24, 1953, defendant filed a motion to have the order giving the custody of the children to Jean Good modified and that she be granted the custody of the children. On May 1, 1953, this motion was heard by the court and evidence was taken. The motion was denied, but the former order was amplified to provide that defendant should have the right to visit the children once each week on Sunday afternoon for a period not to exceed two hours provided that she was in the company of plaintiff, her mother, or Jean Good.

On October 15, 1953, the plaintiff filed a motion for an order changing the court's order previously made to provide that the plaintiff would have the sole custody of the children and might take the children to the state of Oregon to reside. Thereafter counsel for the parties had a conference with the court as to setting the motion for hearing. Counsel for defendant moved the court that inasmuch as so much divergent testimony had appeared at the previous hearing concerning the custody of the children, the court conduct its own investigation and in doing so employ the services of the department of social welfare, particularly the one in McPherson county and have the welfare office make its own investigation and report, and that report, whatever it might be, be accepted in evidence and be considered by the court along with other testimony that might be had at the hearing. Plaintiff's counsel consented and such an order was made. On November 28, 1953, defendant filed a motion to have the custody of the children awarded to her. This motion and the motion filed by plaintiff on October 15, were set for hearing at the same time, December 4, 1953. By that time the department of social welfare of McPherson county had made an investigation and report which was sent directly to the trial judge and had been read and considered by him. At the hearing on December 4, the respective parties called a number of witnesses who gave oral testimony. Many of these witnesses had been interviewed by the social welfare board. At the close of the hearing the report of the social welfare board was stricken from the files on defendant's motion.

On December 4, 1953, after considering the motions of the plaintiff and defendant and after hearing the evidence the court found the order previously made should be changed and made an order that plaintiff should have the care, custody and control of the two minor children and granted such custody to him, and also granted him the right to take the minor children with him to the state of Oregon to make a home subject to the reasonable right of visitation of the defendant. This is the order from which defendant has appealed.

Jean Good, to whom the custody of the children had been given previously, was a witness at the trial and testified that she thought the order giving her custody of the children should be changed and that the custody should be given to the plaintiff and that he should be permitted to take them to Oregon. Since the divorce defendant has remarried and her surname at the time of the hearing was Shaffer.

In this court appellant argues that it was an abuse of sound judicial discretion for the trial court (a) to separate a six-year-old boy and a five-year-old girl from their mother without a specific finding of the mother's unfitness; it should be noted that the children were separated from the mother at the time of the trial of the divorce action, so the court here was not taking the children from the mother, they had already been taken from her; (b) to allow the father to remove the children from the state permanently beyond the jurisdiction of the court; that has been done in former cases where the facts seemed to justify it; (c) to make no provision whatever to protect the mother's rights of visitation; the order made by the court gave defendant the right of visitation. (d) Was it an abuse of sound judicial discretion for the court to award the custody of the minor children to the father; there was an abundance of evidence to support a negative answer to that question and practically none to the contrary; and (e) was it for the best interest of the children that they be awarded to the father; the evidence presented an abundance of testimony for an affirmative answer thereto.

The record discloses no abuse of discretion by the trial court.

The evidence disclosed that the plaintiff was reared in Oregon; that the children were born in Oregon; that he can have steady employment there in work he is trained to do; that he will take the children to the home of his sister where both he and she will give them loving care and attention.

The evidence further disclosed that defendant's conduct toward the children caused them to be nervous to the extent that it affected their school work and their health.

In cases of this character the principal question to be determined by the trial court from the evidence is: What is of the best interest to the children? All other questions are subordinate to this. The court may and should give the custody of the children to the parent shown by the evidence to be better than the other for the care and maintenance of the children. The fact that the one to whom the custody of the children is given may take them out of the state or even to a foreign country is not an impediment to the court's passing upon the welfare of the children. The following cases, as well as many others which might be cited, support this principle: *Chapsky v. Wood*, 26 Kan. 650; *In re Bullen, Petitioner, &c.*, 28 Kan. 781; *Jones v. Jones*, 155 Kan. 213, 124 P. 2d 457; *Coats v. Coats*, 161 Kan. 307, 167 P. 2d 290, and *Kamphaus v. Kamphaus*, 174 Kan. 494, 256 P. 2d 883.

We have read all the evidence shown by the abstracts but it would be a disservice to the defendant and particularly to the children to spread this testimony in the permanent volumes of this court. We shall not attempt to do so. The judgment of the trial court is affirmed.