No. 41,195

EUDORA GOETZ, *Appellant,* v. ALBERT JOHN GOETZ, *Appellee.*

(334 P. 2d 835)

Opinion filed January 24, 1959.

C. H. Morris, of Wichita, argued the cause, and Robert F. Bailey, of Wichita, was with him on the briefs for the appellant.

*Robert C. Foulston,* of Wichita, argued the cause, and *Donald C. Martindell, William D. P. Carey, Edw. B. Brabets, Robert J. Gilliland, John F. Hayes, C. William Miller, Elwin F. Cabbage,* all of Hutchinson, and *George B. Powers, Carl T. Smith, John F. Eberhardt* and *Robert M. Siefkin,* all of Wichita, were with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court sustaining a motion filed by appellee father, Albert John Goetz, for change of custody of a fourteen-year-old son, John Goetz, custody of whom had been originally granted to the appellant mother, Eudora Goetz, as had been that of the younger son, James. The motion was filed in the original divorce action wherein the mother was awarded custody of the children.

This is the third appearance in this court of these contentious parties. The previous appeals appear in our reports as *Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167, and *Goetz v. Goetz,* 181 Kan. 128, 309 P. 2d 655, and the facts leading up to the present appeal are related therein and will not be repeated. Suffice it to say that the original order fixing custody of the two boys in appellant mother, as well as other issues, was reviewed and affirmed by this court.

Subsequent to our two previous decisions, on application by the mother, the trial court on August 26, 1957, entered an order permitting her to enroll John in the Ponca Military Academy at Ponca City, Oklahoma. The next day the father filed his motion to change or modify the previous custody order issued February 29, 1956, which awarded custody of John and James to the mother, alleging that he was the proper person to have custody of the two boys as it was to their best interests, and that the court should ascertain with whom the children wished to live, and requesting that the child support payments be set aside or modified proportionately. The mother filed a response to the motion, and during the hearing, lasting several days, on the issues joined, the father withdrew his request for custody of James. At the conclusion of the hearing, the trial court modified its previous custody order by awarding custody of John to the father and ordering him to pay the mother $125 a month for support of James.

The mother appeals from this order, contending that the father failed to sustain the burden of proof to warrant such change of custody as to the son John and that the trial court abused its discretion in making such order.

With regard to the mother's first contention, it may be stated that this court, in an unbroken line of decisions of long standing, has held the jurisdiction of the district court over the custody and support of minor children in a divorce action is a continuing jurisdiction, and the court may change or modify its custody and support orders whenever a change of circumstances renders such change or modification of the original order proper. (G. S. 1957 Supp., 60-1510; *Goetz v. Goetz,* 181 Kan. 128, 134, 309 P. 2d 655, and cases therein cited.) The burden of proving a change of custody is necessary rests upon the person requesting it. The trial court, and not this court on appellate review, must be satisfied the burden of proof has been met. (*Kamphaus v. Kamphaus,* 174 Kan. 494, 256 P. 2d 883, and cases cited therein.) Neither party requested specific findings of fact, and the mother's assumption of absence of proof of altered circumstances is unwarranted. Our examination of the record discloses facts sufficient to justify the trial court's conclusion that the father had met this burden by showing a change in conditions warranting a change in custody of John.

We will next consider whether the trial court abused its discretion in awarding the custody of John to the father. It is a rule in this state that the question of change of custody rests in the sound discretion of the trial court after consideration of all the facts and circumstances shown by the evidence, and on appellate review its decision will not be disturbed unless there is a clear showing of abuse of that discretion. (*Goetz v. Goetz,* supra; *Maston v. Maston,* 171 Kan. 112, 113, 229 P. 2d 756; *Travis v. Travis,* 163 Kan. 54, 60, 180 P. 2d 310.) It is another well-established rule in this state that the trial court, in determining a change of custody, is primarily concerned with the welfare of the children. *(Kamphaus v. Kamphaus,* supra; *Collins v. Collins,* 177 Kan. 50, 276 P. 2d 321, and cases therein cited.)

An examination of the record discloses the trial court heard extensive evidence with regard to the welfare of John and James. Testimony of both parents, as well as that of other witnesses, was heard; and at the request of the parties the court especially interrogated John in chambers. Matters concerning both homes and their environments, personal relationships, and the fitness and financial condition of the parents were all investigated by the court. The court was well acquainted with the parties and the

case, which had been before it on a number of occasions since the first order was made February 29, 1956. The trial court stated it was concerned that neither parent could agree with reference to custody or hours of visitation, and that it doubted whether either parent was considering the best interests of the boys. The court also stated that the same matter and the same question had been before it about two years earlier and after a great deal of thought and study at that time it had tried to place the boys in a situation where it would be possible for them to continue to know and have love and affection for their parents and each other; that the record revealed the matter had been almost continuously in the courts since then and was appearing again with two very unhappy parents and two boys who were described as emotionally disturbed, physically and mentally wrecked and upset; that it had attempted to get the parents to agree on custody and rights of visitation but its suggestions apparently fell on deaf ears, and by their own admissions no agreement of any kind could be reached; and that since the parties could not agree, the court would make its decision based primarily on what it thought best for the boys.

Our review of the record and of the two Goetz cases formerly on appeal in this court brings us to the same conclusion as that of the trial court; that is, these parents have put their personal interests ahead of the welfare of their children. We have read all the evidence shown in the record, but it would be a disservice to the parents, and particularly the boys, to spread it in the permanent volumes of this court. We shall not do so. The trial court had the parties and the witnesses before it and talked privately to John; however, this conversation is not a matter of record. The court had the grave responsibility of determining the best interests of John and James, and being aware of its power to change its order at any time may well have decided to make the order as it did and await developments. Perhaps on the evidence presented, this court might have made a different order, but that is not a test. Rather, with regard to the present record we must be able to say, as a matter of law, the trial court abused its discretion, and that we cannot say. (*Goetz v. Goetz,* 180 Kan. 569, 580, 306 P. 2d 167; *Travis v. Travis,* supra, 61.) Our conclusion is that the trial court had a difficult problem, and although the father's actions, his home and its environment, as disclosed by the record, leave much to be desired, we cannot say the trial court abused its discretion in

awarding custody of John to the father and leaving James with the mother.

The mother further contends the court erred in allowing her the inadequate sum of $125 a month for support of the son James. Inasmuch as the trial court has the power to change its order of support and increase the amount as conditions may warrant, we cannot say, under the facts in this case, it abused its discretion by setting a minimum amount for the support of James.

The mother's contention that the trial court erred in ordering her to pay her own attorney's fee in the sum of $500 needs little attention. In the instant case the father was the moving party in an effort to modify an existing court order and to take from the mother the custody of the two children. The lower court sustained the application in part and denied it in part. Under such circumstances it was within the discretion of the trial court to assess against the father the costs, including a reasonable attorney fee for the wife ( G. S. 1949, 60-1507; *Maston v. Maston,* supra, 115; *Hipple v. Hipple,* 128 Kan. 406, 278 Pac. 33), or require both parties to pay their attorney fees. However, where the court orders the wife to pay her own attorney fee, it has no statutory authority to fix the amount of such fee. The trial court's order fixing the amount of the mother's attorney fee is therefore set aside.

It is further contended by the mother that the trial court was without authority and therefore abused its discretion when it ordered her, by letter dated January 10, 1958, to forthwith deliver to John Goetz title to all bank accounts, savings accounts, savings and loan accounts, and accounts and deposits of any type, wherever located, in which the name of her son John Goetz appeared in any type or form. An examination of the record fails to disclose that such statement is a part of any judgment, nor is it a part of the ruling relative to the visitation rights of the parties reserved by the court. The record is void of any issues or evidence on this subject, and as a result this order is set aside.

In view of what has been said, the judgment of the trial court is affirmed as modified.

It is so ordered.

ROBB, J., dissents.

FATZER, J., dissenting: In my opinion the facts and circumstances

presented by the record do not justify any change in the original order granting custody of the two minor children, John and James Goetz, to the plaintiff mother.