No. 42,819

Kenneth E. C. Kimbell, *Appellee,* v. Dorothy Kimbell, *Appellant.*

(376 P. 2d 881)

Opinion filed December 8, 1962.

*Fred R. Vieux,* of Augusta, argued the cause, and was on the briefs for the appellant.

*C. H. Morris,* of Wichita, argued the cause, and *Robert F. Bailey,* of Wichita, was with him on the briefs for the appellee.

The opinion of the court was delivered by

WERTZ, J.: This is an appeal from an order of the trial court refusing to change the custody of two minor children from the father to the mother.

Briefly, the facts involved herein are as follows:

The father, Kenneth Kimbell, was granted a divorce from the mother, Dorothy Kimbell, on September 18, 1958, and the father was awarded the care, custody and control of the minor children. Thereafter, on January 30, 1959, the court modified its previous custody order and granted visitation rights to the mother on weekends and custody of the children during two of the summer months, and ordered the father to pay the sum of $200 a month while the mother had custody.

The instant appeal arises from a motion filed by the mother on October 5, 1960, to modify the aforementioned order pertaining to child custody only.

A pretrial conference on the issues raised by the motion was had on November 10, at which time it was agreed that the only issue to be determined was whether or not there had been any change of circumstances since the time of the previous order of the court. It was admitted that both parents were fit to have custody, and the issue was whether, under alleged changed circumstances, it was to the best interests of the children to be with their father or their mother.

This motion was heard on August 15, 1961. The mother and father testified extensively, each in his own behalf; numerous witnesses were called by both sides; oral arguments were made, and the matter was submitted to the court.

The court found that the mother had failed to sustain the burden of proof as to changed circumstances since its previous order, and further found that the mother's motion to modify the previous order of the court pertaining to custody of the children should be overruled. However, the court did modify the previous orders to the extent that the minor child Linda, who had reached the age of fourteen years, be permitted, until further order of the court, to choose with which of the respective parents she wished to live, and to visit the other parent at such time and place as

she chose, and that the parent with whom Linda chose to live was to assume the parental authority over her, including the responsibility of her support. The court further ordered that the mother was not entitled to support money for the care and maintenance of Linda other than as provided in its former order, and that such previous order for the custody and support of the children should remain in full force and effect.

The mother has appealed to this court asserting that the trial court abused its discretion in (1) refusing her custody of the children, (2) granting the child Linda the right to live with her mother, if she so chose, yet refusing to allow money for her support, and (3) allowing the child Linda to live with her mother and at the same time decreeing she was in the custody of her father.

It may be stated that this court, in an unbroken line of decisions of long standing, has held the jurisdiction of the district court over the custody and support of minor children in a divorce action is a continuing jurisdiction, and the court may change or modify its custody and support orders whenever a change of circumstances renders such change or modification of the original order proper. (G. S. 1961 Supp., 60-1510; *Goetz v. Goetz,* 184 Kan. 174, 176, 334 P. 2d 835; *Goetz v. Goetz,* 181 Kan. 128, 134, 309 P. 2d 655.) The burden of proving a change of custody necessarily rests upon the person requesting it. The trial court, and not this court on appellate review, must be satisfied the burden of proof has been met. (*Kamphaus v. Kamphaus,* 174 Kan. 494, 256 P. 2d 883; *Goetz v. Goetz,* 184 Kan. 174, 334 P. 2d 835; *White v. White,* 160 Kan. 32, 159 P. 2d 461; *Bierce v. Hanson,* 171 Kan. 422, 233 P. 2d 520; *Moloney v. Moloney,* 167 Kan. 444, 448, 206 P. 2d 1076.)

The paramount issue in a motion to change custody of minor children as between the father and mother is the welfare and best interests of the child involved. (*Kamphaus v. Kamphaus,* supra; *Jackson v. Jackson,* 181 Kan. 1, 8, 309 P. 2d 705; *Burns v. Burns,* 177 Kan. 116, 119, 276 P. 2d 308.) This issue was recognized by the trial court in the instant case. After all the evidence was before the court, the court stated to the parties that it was concerned with one thing and one thing only: the welfare of the children. In custody proceedings such as we have here the determining factors are not the desires and wishes of the parents but whether circumstances and conditions have been so altered as to

make a change in custody advisable in view of the best over-all interests of the children. (*Prier v. Lancaster*, 169 Kan. 368, 219 P. 2d 358.)

In the instant case the trial court was well aware of the above rule, and, in fact, the parties agreed to this rule at the pretrial conference. It is the function of trial courts to hear the evidence, listen to the witnesses, and give judgment accordingly. In view of the foregoing, and after a review of the record, we cannot say that there was an abuse of discretion by the district court in this case. It is a long-standing rule in this state that the question of change of custody rests in the sound discretion of the trial court after consideration of all the facts and circumstances shown by the evidence, and on appellate review its decision will not be disturbed unless there is a clear showing of abuse of discretion. (*Goetz v. Goetz*, 184 Kan. 174, 334 P. 2d 835; *Jackson v. Jackson*, supra.)

Our examination of the record discloses facts sufficient to justify the trial court's conclusion that the mother failed to sustain the burden of showing a change of conditions warranting a change of custody of the minor children.

Taking up the question of an allowance to the mother for such time as the child might choose to live with her, it is apparent that at the time of the hearing and order made by the court it had no reason to believe that Linda would make her permanent home with her mother, and that the modification of the previous order did not change the custody from the father' in this case, it merely modified and changed the visitation rights of the fourteen-year-old daughter. This change was certainly within the court's power. There was no evidence introduced to show the relative financial condition of the parties other than the mother had married a doctor. When counsel for the mother mentioned added support payment for Linda, which was not an issue before the court, the court stated that a separate motion for support should be filed by counsel for the mother so that the financial abilities of the parents could be ascertained, and whether the child was in need of added support. Counsel for the mother did not choose to file such a motion, but appealed from the order made. The mother's future right to custody of the children and for their support has not been foreclosed. Jurisdiction of the district court over minor children, as stated, is a continuing jurisdiction. (G. S. 1961 Supp., 60-1510.) We conclude that it has not been

shown there was any error with respect to support of the child under the record in this case. (*Travis v. Travis,* 163 Kan. 54, 180 P. 2d 310.)

In view of what has been said, the judgment of the trial court is affirmed.