No. 43,621

MARGARET A. KILGORE WHITEBREAD, *Appellee*, v. BILLY G. KILGORE, *Appellant*.

(391 P. 2d 1019)

Opinion filed May 9, 1964.

*John C. Humpage,* of Topeka, argued the cause and was on the briefs for appellant.

*Roy L. Bulkley,* of Topeka, argued the cause and was on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal is from an order of the district court refusing to grant a change of custody of the parties' four minor children from the plaintiff wife to the defendant husband, and from the order denying the defendant's motion for a rehearing. The motion for change of custody was filed March 21, 1963, and was heard on March 26, 1963.

The plaintiff was granted a divorce from the defendant on September 20, 1962, and was awarded the care, custody and control of their four minor children. The decree of divorce provided that the defendant pay $160 per month for the support of the minor children.

Both parties have remarried. The plaintiff lives in Topeka with her husband the defendant is in the Air Force, stationed at Ellsworth Air Force Base, at Rapid City, South Dakota. The defendant and his wife have rented a house in Rapid City where they reside.

Previously, and on or about January 18, 1963, the court heard and denied the defendant's motion for a change of custody of the minor children. Shortly prior to March 21, 1963, the defendant and his wife came to Topeka and the defendant went to the plain-

tiff's home to visit the children. An altercation occurred between the defendant and the plaintiff's husband regarding child support which the defendant had been late in paying for the month of February, 1963. After leaving the plaintiff's home, the defendant employed counsel to file a motion for change of custody of the children, which is the proceeding out of which this appeal arises.

The plaintiff, after the defendant left her home, telephoned the same attorney who had previously represented her when the defendant's application for change of custody was denied in January, 1963, and employed him to commence contempt proceedings, and to institute criminal proceedings against the defendant for his failure to support the minor children.

The defendant's motion for change of custody was the only instrument filed, and it was heard by the trial court on March 26, 1963. The plaintiff did not personally appear at the hearing, and the only evidence offered was by the defendant and his wife. They testified that their purpose in being in Topeka was to see the defendant's children; that the plaintiff gave him considerable difficulty in visiting his children, and that when he went to the plaintiff's residence the day before the hearing, the family was gone. The evidence further disclosed that the defendant and his wife had rented a house in Rapid City which was close to a school and that they were prepared to make a home for the children. The defendant testified he wanted his children more than anything else in the world. His wife testified she desired that the custody of the children be awarded to the defendant. There was evidence that on a previous occasion the defendant had taken one of the minor children to Kentucky and the court had ordered the child returned to its jurisdiction immediately.

While the court expressed doubt about its jurisdiction to hear the motion for change of custody, it found that sufficient service had been had, and upon consideration of the evidence, denied the defendant's motion for change of custody. It also denied his motion for a rehearing. Hence, this appeal.

Did the trial court abuse its discretion in denying the defendant's motion for a change of custody? The defendant contends that since the plaintiff retained counsel to represent her and subsequently left the jurisdiction of the court with the minor children, she was in contempt of court, and her failure to appear and "throw light" on the matter raised the presumption that her testimony would have been unfavorable to her; further, that the defendant's evidence

made a prima facie showing that a change of custody should have been granted. He cites and relies upon *Burns v. Burns*, 177 Kan. 116, 276 P. 2d 308, and to language in that opinion which reads:

". . . even if she were contemptuous in that respect [having left the jurisdiction of the trial court with the minor children when the order giving her custody expressly provided that she should not take the child from the jurisdiction of the court—which was not the case here] there is no reason to change the custody of the child to defendant unless the defendant is shown to have a place and facilities for caring for the child as good or better than the plaintiff is providing. . . ." (l. c. 120.)

In that respect, the defendant argues that he has remarried; that he has a home in which to raise the children; that he is a fit and proper person to have the children, and that the court abused its discretion in refusing to award him their custody.

It has been repeatedly held that when a controversy arises as to the custody of minor children, the primary question to be determined by the court is what is for the best interests for the child; all other questions are secondary. (*Chapsky v. Wood*, 26 Kan. 650; *Roll v. Roll*, 143 Kan. 704, 56 P. 2d 61; *Prier v. Lancaster*, 169 Kan. 368, 219 P. 2d 358.)

Despite the plaintiff's conduct in taking the minor children from the jurisdiction of the court shortly before the hearing on defendant's motion to change custody—conduct which this court vigorously disapproves—we cannot say that the conditions or circumstances affecting the welfare of the minor children have changed since the defendant's previous motion was denied in January, 1963.

As the record stands, the trial court did not find that a change of custody was warranted, and this court has repeatedly held that the trial court is the best judge of the welfare and best interests of minor children, and in the absence of abuse of sound judicial discretion, the judgment of the trial court will not be disturbed on appeal. (*Goetz v. Goetz*, 184 Kan. 174, 334 P. 2d 835, and cases cited.) In *Travis v. Travis*, 163 Kan. 54, 180 P. 2d 310, it was said:

". . . The trial court had . . . the grave responsibility of determining the best interests of the child, and being aware of its power to change its order at any time, may well have concluded to make the order as it did and see what would develop. (See *Janney v. Janney*, supra.) Perhaps on the evidence adduced, this court might have made a different order, but that is not a test. Rather, on the present record we must be able to say, as a matter of law, that the trial court abused its discretion, and that we cannot say." (l. c. 61.)

The burden of proof in support of the motion for change of custody rested on the defendant, and the trial court denied that relief. We have reviewed the record and find nothing to show that the trial court abused its discretion in denying the defendant's motion.

Finding no error in the case, the judgment is affirmed.