No. 44,100

GERALD R. BERGEN, *Appellee,* v. SUZANNE BERGEN, *Appellant.*

(403 P. 2d 125)

Opinion filed June 12, 1965.

*Roscoe E. Long,* of Topeka, argued the cause, and *O. B. Eidson, Philip H. Lewis, James W. Porter, Charles S. Fisher, Jr., Peter F. Caldwell, William G. Haynes, R. Austin Nothern* and *Brock R. Snyder,* all of Topeka, were with him on the briefs for appellant.

*James C. Johnson,* of Abilene, argued the cause, and *Paul H. Royer, R. H. Royer* and *Charles E. Bogan,* all of Abilene, were with him on the briefs for appellee.

The opinion of the court was delivered by

FATZER, J.: This appeal involves an action for divorce, custody of three minor children of the parties and a division of property, which action was instituted by the plaintiff-appellee, Gerald R. Bergen. Issues were formed by appropriate pleadings, and the case was tried to the district court. Judgment was rendered for the plaintiff and the defendant has appealed from the judgment and the order overruling her motion for a new trial.

The parties were married in Arcadia, California, on August 11, 1956, while both were students at Ottawa University, Ottawa, Kansas. The plaintiff is 30 years of age, and employed as an eighth grade school teacher in the Junior High School of Abilene, Kansas, where he teaches American History and coaches three sports.

During the period of their marriage, the parties became the parents of three children: Kervin Frank, who was six years of age in June, 1963; Kristen Faye, who was four years of age in September, 1963, and Jeri Sue, who was three years of age in August, 1963.

Upon the completion of the plaintiff's and defendant's evidence and after each had rested, the district court made numerous findings of fact and conclusions of law. It would serve no useful purpose to set forth the findings of fact in this opinion, except to state that the district court found from the evidence "it appears that it will be

for the best interests of the three minor children hereinbefore named to award their custody to the plaintiff. . . ."

In accordance with its findings of fact, the district court · concluded as a matter of law that the plaintiff be awarded a divorce on the grounds of gross neglect of duty and extreme cruelty, and that the defendant was an unfit person and an unworthy mother. The court awarded custody and control of the three minor children to the plaintiff, with reasonable rights of visitation to the mother; awarded the plaintiff the 1960 Chevrolet station wagon; the household goods, and all clothing, toys and playthings of the children. The defendant was awarded the gross sum of $3,000.00 as permanent alimony payable at the rate of $65.00 each month, and attorney fees for her attorneys in the sum of $250.00.

The defendant argues that there was no substantial evidence to support the district court's findings of fact and conclusions of law; that it erred in finding the defendant was an unfit person and an unworthy mother and awarding custody of the three minor children to the plaintiff, and cites *Brandon v. Brandon,* 14 Kan. 342; *In re Bort, Petitioner,* 25 Kan. 308, 311; *Harmon v. Harmon,* 111 Kan. 786, 208 Pac. 647; *Smith v. Scheuerman,* 133 Kan. 348, 299 Pac. 616; *Janney v. Janney,* 159 Kan. 230, 231, 154 P. 2d 131; *Bierce v. Hanson,* 171 Kan. 422, 427, 233 P. 2d 520; *Lindbloom v. Lindbloom,* 177 Kan. 286, 298, 279 P. 2d 243, and *Hazelwood v. Hazelwood,* 190 Kan. 493, 496, 376 P. 2d 815, in support of her contentions. The defendant also argues that the district court erred in allowing counsel only $250.00 attorney fees.

Nothing would be gained by setting forth the evidence, but suffice it to say we have carefully examined the record, and conclude there was ample substantial, competent evidence to support each and every finding of fact and conclusion of law made by the district court. The district court saw the witnesses and the parties, observed their demeanor, and assessed their character. In weighing their testimony and considering the best interests of the children under all the circumstances, the court concluded that the best interests of the minor children would be best served by awarding their custody to the plaintiff. The district court did not stop with its finding that the best interests of the minor children would be best served in the custody of their father, but went further and found that the mother was an unfit and unworthy person to be awarded their custody. The decisions cited and relied upon by the defendant-mother are not helpful, and it cannot be said that the

district court abused its discretion in awarding the custody of the three minor children to the plaintiff. In *Gardner v. Gardner,* 192 Kan. 529, 389 P. 2d 746, the trial court awarded custody of minor children to the plaintiff-father and this court affirmed the judgment. In the opinion it was said:

"In the situation here presented the paramount consideration of the court is the welfare and best interests of the child. The court has recognized in a long line of cases that the trial court is in the best position to judge whether the best interests of a child are being served, and in the absence of abuse of judicial discretion this court will not disturb a trial court's judgment. (*Kimbell v. Kimbell,* 190 Kan. 488, 491, 376 P. 2d 881; *Jackson v. Jackson,* 181 Kan. 1, 309 P. 2d 705; *Goetz v. Goetz,* 180 Kan. 569, 306 P. 2d 167.) However, where an abuse is affirmatively shown in the record, this court has not hesitated to reverse, modify or otherwise change the order of a trial court. (*Lindbloom v. Lindbloom,* 177 Kan. 286, 279 P. 2d 243; *Wilkinson v. Wilkinson,* 147 Kan. 485, 77 P. 2d 946; *Jackson v. Jackson,* supra.)" (1. c. 532.)

. . . . . . . . . . . . . .

"Where the issue exists only between the parents, as in the instant case, and no third party is involved, then the primary question to be determined by the court is the welfare and best interests of the children. All other questions are subordinate. (*Merriweather v. Merriweather,* 190 Kan. 598, 599, 376 P. 2d 921; *Kimbell v. Kimbell,* supra; *In re Vallimont,* supra; *Collins v. Collins,* 177 Kan. 50, 276 P. 2d 321.)" (1. c. 533.)

It is obvious from the foregoing that this court is compelled to affirm the judgment awarding custody of the minor children to the plaintiff. However, we point out that a decree awarding custody of minor children is not *res judicata* in the sense generally applicable to judgments. Under our statute (K. S. A. 60-1610) custody of minor children may be modified or changed at any time whenever circumstances render a modification or change of the former order proper, but the burden of proving a change of custody rests upon the party requesting the change. (*Bierce v. Hanson,* supra; *In re Petitt,* 84 Kan. 637, 114 Pac. 1071.)

We now turn to the defendant's contention that the district court abused its discretion in allowing the defendant only $250.00 for attorney fees. The district court found that the plaintiff had an annual income of approximately $5,850.00 and that his take-home pay was approximately $392.00 per month. This sum does not include what the plaintiff may earn through summer work while not teaching or attending school to get additional knowledge in his teaching profession. Out of this sum, the plaintiff had many fixed obligations including the monthly payment of alimony to the de-

fendant. The court further found that the payment of fixed obligations did not include money for food, medicine, clothing or other unexpected expenses for plaintiff and the three minor children. After fully reviewing the financial situation of the parties, the court concluded that $250.00 was an adequate fee for attorneys, and under the facts and circumstances, we cannot say that the district court abused its discretion in that respect.

The judgment is affirmed.