NOT DESIGNATED FOR PUBLICATION

No. 116,466

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

JESSICA L. RUTZ-UEHLING,
*Appellee*,

and

BRENNAN C. UEHLING,
*Appellant*.

MEMORANDUM OPINION

Appeal from Barton District Court; RON SVATY, judge. Opinion filed April 14, 2017. Vacated and remanded with instructions.

*Donald F. Hoffman*, of Dreiling, Bieker & Hoffman LLP, of Hays, for appellant.

*Kate M. Wary*, of Law Office of Bauer & Pike, LLC, of Great Bend, for appellee.

Before LEBEN, P.J., POWELL and SCHROEDER, JJ.

POWELL, J.: Brennan C. Uehling appeals the district court's dismissal of his motion to change residential custody, contending the district court erred by finding he had failed to sufficiently allege a material change in circumstances. In the motion, Brennan alleged that his daughter wished to reside with him during the school year rather than during the summer. The district court concluded this allegation alone did not amount to a sufficient prima facie showing of the required material change in circumstances necessary for the court to consider the merits of Brennan's motion and dismissed it

1

without an evidentiary hearing. Because we find that Brennan sufficiently alleged a material change in circumstances, we vacate the district court's dismissal and remand for further proceedings.

FACTUAL AND PROCEDURAL BACKGROUND

Jessica L. Rutz-Uehling (now Rein) and Brennan married in 2002, and the couple's only child, J.U., was born in 2004. On December 23, 2008, the parties divorced and the district court awarded them joint legal custody of J.U. Pursuant to the court's order, the parties shared joint residency of J.U. until she started kindergarten in Maize, Kansas, whereupon Jessica was awarded primary residency. Brennan was awarded liberal parenting time to occur no less than every other weekend and during the summer school break.

This arrangement continued for approximately 7 ½ years. During the summer of 2016, J.U., who was then 12 years old, expressed her desire to live with Brennan during the upcoming school year in Hays, Kansas. On June 7, 2016, Brennan filed a verified motion to change residential custody. In this motion, Brennan alleged the following: (1) J.U. was born in 2004; (2) Since December 23, 2008, Jessica had primary residency of J.U. during the school year; (3) There had been a material change in circumstances in that J.U. desired to reside with Brennan during the upcoming school year in Hays, Kansas; and (4) J.U. was of sufficient age and maturity to express her desire to attend school in Hays, Kansas. Jessica filed a response, arguing the motion should be denied because Brennan's allegation of J.U.'s desires did not establish the required prima facie showing for a material change in circumstances.

On July 26, 2016, the district court dismissed Brennan's motion pursuant to K.S.A. 60-1628 (now K.S.A. 2016 Supp. 23-3219), holding that the verified allegations in the motion did not amount to a prima facie showing of a material change in circumstances.

2

Brennan timely appeals.

## DID THE DISTRICT COURT ERR WHEN IT DETERMINED THERE WAS NO MATERIAL CHANGE IN CIRCUMSTANCES?

"[A] decree awarding child custody is res judicata with respect to the facts existing at the time of the decree." *Simmons v. Simmons*, 223 Kan. 639, 642, 576 P.2d 589 (1978). However, a district court "may change or modify any prior order of custody, residency, visitation and parenting time, when a material change of circumstances is shown." K.S.A. 2016 Supp. 23-3218(a). "A material change in circumstances" requires the district court's consideration of a variety of factors and circumstances. *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 288, 15 P.3d 359 (2000), *rev. denied* 271 Kan. 1036 (2001). In order to qualify as a material change in circumstances, the change ""must be of a substantial and continuing nature as to make the terms of the initial decree unreasonable."" 28 Kan. App. 2d at 280 (quoting 1 Elrod, Kansas Family Law Handbook § 13.043 [rev. ed. 1990]).

In order for a district court to modify its previous decision on custody, residency, and parenting time, the requesting party must file a motion stating

> "with specificity . . . all known factual allegations which constitute the basis for the change of custody or residential placement. If the court finds that the allegations set forth in the motion or the accompanying affidavit fail to establish a prima facie case, the court shall deny the motion. If the court finds that the motion establishes a prima facie case, the matter may be tried on factual issues." K.S.A. 2016 Supp. 23-3219(a).

The party requesting the modification bears the burden of showing a material change in circumstance. *Kimbell v. Kimbell*, 190 Kan. 488, 490, 376 P.2d 881 (1962); *In re Marriage of Grippin*, 39 Kan. App. 2d 1029, 1031, 186 P.3d 852 (2008).

3

In the present case, we note that the district court dismissed Brennan's motion on the basis of the pleadings alone, finding that the motion had failed to allege facts sufficient to establish a prima facie showing of a material change in circumstances. Typically, "[w]hether a child custody order will be changed or modified rests in the sound judicial discretion of the trial court." *Johnson*, 28 Kan. App. 2d at 288 (citing *Richardson v. Richardson*, 211 Kan. 172, 172-73, 505 P.2d 690 [1973]). However, in this instance, because the court dismissed Brennan's motion on the basis of the pleadings and without an evidentiary hearing, we consider it akin to granting a motion to dismiss, which means we assume the factual allegations contained in the motion are true. See *Cohen v. Battaglia*, 296 Kan. 542, 546, 293 P.3d 752 (2013) (when district court grants motion to dismiss, court assumes facts pled are true); *In re T.M.*, No. 92,008, 2005 WL 638094, at *4 (Kan. App. 2005) (unpublished opinion) (parent failed to assert facts which, if true, would have entitled her to evidentiary hearing). Assuming the facts as alleged in Brennan's motion are true, our sole question is whether such facts constitute a prima facie showing of a material change in circumstances, which is a question of law allowing for our unlimited review. See 296 Kan. at 545; see also *In re Marriage of Maule*, No. 101,771, 2009 WL 3018102, at *3 (Kan. App. 2009) (unpublished opinion) (whether district court required to make finding of material change in circumstances before modifying custody order a question of law).

Jessica relies principally on *In re Marriage of Kimbrell*, 34 Kan. App. 2d 413, 428, 119 P.3d 684 (2005), and its holding that while "the trial court may consider a child's wishes when setting a parenting time schedule[,] . . . this must not be the exclusive or controlling factor." She argues the district court correctly dismissed Brennan's motion because his mere allegation that J.U. wanted to primarily reside with her father, without more, did not sufficiently allege a prima facie case of a material change in circumstances.

We disagree with Jessica's arguments and with the district court's conclusion that Brennan did not allege sufficient facts to make a prima facie showing of a material

change in circumstances because we find that J.U.'s wishes was not the sole factual allegation supporting a material change in circumstances. In determining the issue of legal custody, residency, and parenting time of a child, K.S.A. 2016 Supp. 23-3203(a) lists 18 factors for the court to consider when determining the best interests of a child. Among those factors are "the desires of a child of sufficient age and maturity as to the child's custody or residency" and "the age of the child." K.S.A. 2016 Supp. 23-3203(a)(3), (4). This list of factors is not exclusive. K.S.A. 2016 Supp. 23-3203(a).

Brennan alleged three facts in addition to J.U.'s wishes which are relevant to our consideration: (1) Over 7 years had passed since the last order concerning custody and parenting time; (2) J.U. was 12 years old at the time of the present motion; and (3) J.U. was of sufficient age and maturity to reasonably express her desires. Given that J.U. was only 4 years old at the time of the original divorce decree and was hardly mature enough to have an opinion on residency, and given the passage of time of 7 years, we consider such facts sufficient to make a prima facie showing of a material change in circumstances.

We acknowledge that the question before us is a close call, but we believe it better to err on the side of giving the parties their day in court and we emphasize that our holding is limited to the facts of this case. In particular, we are not holding that a child's opinion regarding residency, standing alone, is enough to establish a material change in circumstances. Nor are we holding that a 12-year-old child is necessarily of sufficient age and maturity to express a responsible opinion on residency. Here, though, the facts at trial may ultimately support this claim, and we take Brennan's allegation that J.U. is of sufficient maturity as true for the purpose of deciding whether he is entitled to a hearing on his motion. Finally, as to the dissent's concern that our holding today will spawn unnecessary litigation, we note the district court always has the discretion to award attorney fees in such instances. See K.S.A. 2016 Supp. 23-2715.

5

Accordingly, we vacate the district court's order summarily dismissing Brennan's motion to change residential custody and remand the matter for further proceedings consistent with this opinion.

Vacated and remanded.

* * *

SCHROEDER, J., dissenting: I respectfully dissent because, even assuming the factual allegations in Brennan C. Uehling's motion are true, I do not believe he has alleged sufficient facts to make a prima facie showing of a material change in circumstances. As the moving party, Brennan has the burden to make a prima facie showing of a material change in circumstances. *Kimbell v. Kimbell*, 190 Kan. 488, 490, 376 P.2d 881 (1962).

Brennan's June 7, 2016, motion states, in relevant part:

"2. That Petitioner and Respondent have one minor child, namely, [J.U.], date of birth, 2004.

"3. That Petitioner and Respondent are fit and proper persons to have joint legal custody of their minor child. Under the terms of the Journal Entry-Decree of Divorce dated December 23, 2008, the parties agreed that the Petitioner would have residential custody during the school year. There has been a material change in circumstances that the minor child, [J.U.], desires to reside with the Respondent during the upcoming school year in Hays, Kansas.

"4. That [J.U.] is of sufficient age and maturity to express her desire and attend school in Hays, Kansas."

Although a close call, I do not believe Brennan carried his burden. While the trial court may consider a child's desires when determining residential placement, "this must

6

not be the exclusive or controlling factor." *In re Marriage of Kimbrell*, 34 Kan. App. 2d 413, 428, 119 P.3d 684 (2005). As a material change in circumstances, Brennan only alleged J.U. desired to live with him and she was of sufficient age and maturity to express her desire as to her residency. While he alleged J.U. was born in 2004—making her either 11 or 12 years old at the time the motion was filed—Brennan apparently did not consider her age a material change in circumstances as it was not specifically alleged in his motion. Similarly, Brennan did not allege the passage of more than 7 years constituted was a material change in circumstances. To find a prima facie showing of a material change in circumstances, the majority has read into Brennan's motion more than he alleged as a material change in circumstances.

Though we must consider the factual allegations in the motion as true, conclusory allegations regarding the legal effects of the factual allegations need not be accepted if the conclusory allegations do not reasonably follow from the described facts. *Lamb v. State*, 33 Kan. App. 2d 843, 846, 109 P.3d 1265 (2005). Nothing in Brennan's motion supports his conclusory allegation that J.U. is of sufficient age and maturity to express her desires regarding residential placement.

Further, a material chance of circumstances ""must be of a substantial and continuing nature *as to make the terms of the initial decree unreasonable.*"" (Emphasis added.) *Johnson v. Stephenson*, 28 Kan. App. 2d 275, 280, 15 P.3d 359 (2000) (quoting 1 Elrod, Kansas Family Law Handbook § 13.043 [rev. ed. 1990]). In reaching its holding, the majority seems to say that, given the passage of enough time, any change in circumstances is sufficient to establish a prima facie showing of a material change in circumstances. I disagree and am concerned the majority's opinion will be cited to support unwarranted motions to modify residential placement based solely on the length of time since residential placement was last considered or the unsubstantiated claim that a child is of sufficient age and maturity to express their desires regarding residency.

Finally, I would affirm the district court because Brennan's motion does not state "*with specificity* . . . all known factual allegations which constitute the basis for the change of custody or residential placement." (Emphasis added.) K.S.A. 2016 Supp. 23-3219(a). Like the majority, I believe everyone should have their day in court, but that day in court must be prefaced by compliance with the statute requiring a motion for change of residential placement be pled with specificity showing all known factual allegations to support the change. Brennan's motion was barebones and conclusory. I do not believe the motion supports the majority's result. The record before us reflects Brennan was capable of filing a motion for change of residential placement with specific factual allegations—he filed one after the motion at issue here was denied. He dismissed his second motion without prejudice to appeal the dismissal of his June 7, 2016, motion. However, Brennan's second motion is not before us, so I do not comment on its validity.

Brennan only alleged two points: J.U. desired to live with him and she is of sufficient age and maturity. I cannot accept a conclusory allegation that a child is of sufficient age and maturity, without more specific factual allegations, as sufficient to advance a motion for change of residential placement past a motion to dismiss. Therefore, unlike the majority, I do not believe Brennan has met his burden to make a prima facie showing of a material change in circumstances. I would affirm the district court.