172

Ivory Richardson, *Appellee,* v. Judy K. Richardson, *Appellant.*

(505 P. 2d 690)

Opinion filed January 20, 1973.

*Robert V. Wells,* of Kansas City, argued the cause and *Samuel J. Wells,* of Kansas City, was with him on the brief for appellant.

*Charles D. Kugler,* of Kansas City, argued the cause and was on the brief for appellee.

*Per Curiam:* This is a child custody case. Appellant, mother of the two minor children, was defendant in the divorce case in the trial court. When the divorce decree was rendered, January 13, 1970, it was stipulated by the parties that the father have custody of the children.

The father took the children to Phillipsburg, Missouri, to live with his parents during the week. To make a living it is necessary for him to work in Kansas City, Missouri. He resides in Kansas City during the week and returns to Phillipsburg to be with his children on weekends.

The mother (appellant) remarried. Two or three months after this marriage she filed a motion for custody of the children based upon her changed circumstances and the fact the children were living in their grandparents' home. The only testimony offered at the hearing upon the motion was that of appellant, her new husband and two friends. There was no evidence that the children were suffering from the existing living arrangement. Appellant's counsel requested that appellee be called to testify but only to show that the children were living with the grandparents. The trial court observed that this point could be stipulated.

The trial court found, everything considered, the best interests of the children would not be served by a change of custody. The motion was overruled. Appellant appeals from this order.

We have many times held that the paramount concern of the court in a child custody case is the welfare of the children. Whether a child custody order will be changed or modified rests in the sound judicial discretion of the trial court. Its judgment will not be dis-

turbed unless the record clearly shows that discretion to have been abused. (*Bierce v. Hanson,* 171 Kan. 422, 233 P. 2d 520; *Perrenoud v. Perrenoud,* 206 Kan. 559, 480 P. 2d 749.)

A review of the evidence and the record discloses no abuse of discretion by the trial court.

The judgment is affirmed.