(762 P.2d 843)

No. 61,812

In the Matter of the Marriage of WILLIAM TALKINGTON, *Appellant*, and DENISE L. TALKINGTON, *Appellee*.

Opinion filed October 7, 1988.

*Don C. Krueger*, of Emporia, and *Arthur E. Palmer*, of Goodell, Stratton, Edmonds & Palmer, of Topeka, for the appellant.

*Stanley R. Ausemus*, of Emporia, for the appellee.

Before BRISCOE, P.J., LARSON, J., and HARRY G. MILLER, District Judge Retired, assigned.

LARSON, J.: William Talkington appeals from the trial court's order changing his sole custody of the parties' two minor children to joint custody, with his former wife, Denise, being granted residential custody.

In September of 1986, William sued Denise for divorce and was granted temporary custody of the parties' minor son and daughter. Denise moved to modify or vacate the order, which was subsequently changed to place the children with William's parents.

Denise was charged in Oklahoma with aggravated assault with intent to kill William as the result of an altercation. The charge was subsequently amended to feloniously pointing a weapon. In January of 1987, Denise was given an eight-year sentence, of which she served 120 days before being placed on probation.

Denise asked for the divorce proceedings to be continued because of her incarceration. The motion was denied and the divorce was granted in February of 1987 with William being given the sole custody of the minor children.

In April of 1987, Denise requested and was granted visitation of the children. The court also ordered a mental evaluation of Denise and home studies of both parents as allowed in K.S.A. 60-1615.

Denise moved for change of custody in September of 1987. The trial court, after hearing testimony and examining the home studies, found a material change of circumstances had occurred. Joint custody was established and Denise was granted residential custody. From this order William appeals.

William raises three issues on appeal: (1) Was the home study report erroneously admitted in evidence when the preparer did not testify? (2) Did the trial court abuse its discretion in finding a material change of circumstances? (3) Did the trial court err in failing to make findings of fact for custodial determination?

*Was the home study report erroneously admitted in evidence when the preparer did not testify?*

William asks us to adopt in child custody matters the same rule applicable in juvenile code proceedings, that "[h]earsay evidence is not admissible in the adjudicatory stage of a proceeding to terminate parental rights." *In re Johnson,* 214 Kan. 780, Syl. ¶ 1, 522 P.2d 330 (1974). This rule was extended in *In re Harris,* 218 Kan. 625, 544 P.2d 1403 (1976), to apply to all proceedings under the juvenile code. See *In re Reed,* 8 Kan. App. 2d 602, 606, 663 P.2d 675 (1983).

The admissibility of court-ordered home study reports in contested custody proceedings has not been considered in any previously reported appellate decision in this state.

Following a substantial study by the Family Law Advisory Committee of the Judicial Council, our divorce code was amended in 1982 to follow the language of the Uniform Marriage and Divorce Act § 405, 9A U.L.A. 603 (1987), by adopting K.S.A. 60-1615, which states:

"(a) *Investigation and report.* In contested custody proceedings, the court may order an investigation and report concerning custodial arrangements for the child. The investigation and report may be made by court services officers or any consenting person or agency employed by the court for that purpose. The court may use the department of social and rehabilitation services to make the inves-

tigation and report if no other source is available for that purpose. The costs for making the investigation and report may be assessed as court costs in the case as provided in article 20 of chapter 60 of the Kansas Statutes Annotated, and amendments thereto.

"(b) *Consultation.* In preparing the report concerning a child, the investigator may consult any person who may have information about the child and the potential custodial arrangements. Upon order of the court, the investigator may refer the child to professional personnel for diagnosis. The investigator may consult with and obtain information from medical, psychiatric or other expert persons who have served the child in the past. *If the requirements of subsection (c) are fulfilled, the investigator's report may be received in evidence at the hearing.*

"(c) *Use of report and investigator's testimony.* The court shall make the investigator's report available prior to the hearing to counsel or to any party not represented by counsel. Any party to the proceeding may call the investigator and any person whom the investigator has consulted for cross-examination. In consideration of the mental health or best interests of the child, the court may approve a stipulation that the interview records not be divulged to the parties." (Emphasis added.)

Professor Nancy G. Maxwell, of Washburn Law School, stated in reviewing this section:

"The new section on child custody investigations provides a procedure for appointing an investigator to obtain information concerning the child's best interests in contested custody cases. This provision was added because reports by a neutral investigator remove the child custody question from an adversarial fact-finding process. Instead of having a hearing with numerous witnesses called by the parties, the court can appoint a neutral investigator, who interviews witnesses, consults with medical, psychiatric or other professionals who have treated the child in the past, and obtains professional diagnoses and evaluations of the child. The report can reduce court time because the information is not obtained through in-court testimony.

"The new section also requires the court to make the report available to counsel before the hearing. This protects the rights of the parties by allowing them to see the information in the report to enable the attorneys to clarify or refute the report at the time of hearing. The attorneys can call the investigator or any person consulted by the investigator for cross-examination, thus guaranteeing the parties' rights to confront witnesses." Maxwell, *In the Best Interests of the Divided Family: An Analysis of the 1982 Amendments to the Divorce Code,* 22 Washburn L.J. 177, 238 (1983).

Hearsay evidence, where not specifically excepted, is declared inadmissible under the provisions of K.S.A. 1987 Supp. 60-460. The home study report, without the direct testimony of the preparer, would clearly be inadmissible hearsay unless the report becomes admissible under the specific authority of K.S.A. 60-1615.

When there is a conflict between a statute dealing generally

with a subject and another dealing specifically with a certain phase of it, the specific statute controls unless it appears the legislature intended to make the general act controlling. *In re K.J.*, 12 Kan. App. 2d 188, 189, 739 P.2d 874 (1987). See *Everett v. Blue Cross-Blue Shield Ass'n*, 225 Kan. 63, 587 P.2d 873 (1978); *In re Waterman*, 212 Kan. 826, Syl. ¶ 4, 512 P.2d 466 (1973). The provisions of K.S.A. 1987 Supp. 60-460 do not apply in contested custody proceedings because of the specific provisions regarding admissibility of the reports found in K.S.A. 60-1615.

It is uncontroverted that the reports concerning the children were prepared based upon the court order under K.S.A. 60-1615(a). The report was made available to counsel prior to the hearing. William's attorney had the right to "call the investigator and any person whom the investigator has consulted for cross-examination." K.S.A. 60-1615(c). If William desired to cross-examine the preparer of the report, it was incumbent upon him to subpoena such witness or, as in this instance where the preparer of Denise's report was a resident of Oklahoma, to take the testimony by deposition.

K.S.A. 60-1615(b) specifically provides: "If the requirements of subsection (c) are fulfilled, the investigator's report may be received in evidence at the hearing." Even though the preparer of the report did not testify, because the requirements of subsection (c) were fulfilled, the trial court properly admitted the report into evidence.

Minn. Stat. § 518.167 (1986), covers custodial arrangements for children and mirrors § 405 of the Uniform Marriage and Divorce Act and K.S.A. 60-1615. *Johnson v. Lundell*, 361 N.W.2d 125 (Minn. App. 1985), approved admission of a home study report where the facts were similar to this case. *Johnson* recognized the right of cross-examination was maintained by the right to take the deposition of the author or arrange for a telephone conference call during the hearing.

Our ruling is logical in that trial judges will normally have read the investigative reports and home studies prior to the hearing and, in the interest of judicial economy, should not be required to hear repetitious testimony as to the underlying facts. Admissibility of such evidence without laborious testimony is statutorily granted. The right to cross-examine either the preparer or

to impeach a consultant of the preparer is maintained, but requires affirmative action by the opposing counsel.

Previous Kansas rulings that hearsay evidence is not admissible under the juvenile code do not apply to court-ordered investigations and reports in child custody hearings because of the specific statutory language of K.S.A. 60-1615. The actions and rulings of the trial court were correct.

*Did the trial court abuse its discretion in finding a material change of circumstances?*

William contends the trial court erred in finding a material change of circumstances and in presuming that young children should be with their mother, in contradiction of K.S.A. 1987 Supp. 60-1610(a)(3)(B), which states, "[T]here shall be no presumption that it is in the best interests of any infant or young child to give custody or residency to the mother."

The scope of review on appeal from a change in custody is clearly stated in *Richardson v. Richardson*, 211 Kan. 172, 172-73, 505 P.2d 690 (1973):

"We have many times held that the paramount concern of the court in a child custody case is the welfare of the children. Whether a child custody order will be changed or modified rests in the sound judicial discretion of the trial court. Its judgment will not be disturbed unless the record clearly shows that discretion to have been abused."

The trial court stated, "I do find that the children . . . should have the opportunity to be reunited with their mother." Reasons given included the fact Denise has remarried and stabilized her life. The court noted that Denise, in contrast to William, can be with the children at all times when they are at home. The court did not state the children should be reunited with their mother simply because she is their mother. The mandate of K.S.A. 1987 Supp. 60-1610(a)(3)(B) was not violated.

We have examined all the testimony and the information and recommendations contained in the home study reports. There was ample evidence to justify a finding of a material change of circumstances. The court's findings are not an abuse of discretion, which exists only when no reasonable person would take the view adopted by the trial court. *State v. Carmichael*, 240 Kan. 149, 157, 727 P.2d 918 (1986).

*Did the trial court err in failing to make findings of fact for custodial determination?*

William contends the trial court failed to refer to the relevant

factors enumerated in K.S.A. 1987 Supp. 60-1610(a)(3)(B)(iii), (iv), and (v). The court specifically referred to all of the home study reports. The ages of the children and the close relationship the son had established with his grandfather was noted. The court recognized that the children loved both natural parents and made appropriate findings of fact for custodial determination.

Affirmed.