(879 P.2d 37)
No. 70,490

GRANT T. STRUBLE, A Minor, by THOMAS DORSEY, *Appellee*, v.
LISA A. STRUBLE, *Appellant*.

Opinion filed August 12, 1994.

*Karen Black*, of Black and Black, of Salina, for appellant.

*Larry L. Livengood*, of Salina, for appellee.

Before LEWIS, P.J., LARSON and GERNON, JJ.

LARSON, J.: This is a custody and paternity action brought by Grant T. Struble through his father, Thomas Dorsey, against Grant's mother, Lisa A. Struble.

Following a bench trial, the court awarded the parents joint custody of Grant, designated Thomas as the primary residential parent, ordered liberal visitation rights to Lisa, ruled that Lisa should pay Thomas $100 per month in child support, and ordered Grant's last name changed from Struble to Dorsey.

Lisa appeals, contending the trial court abused its discretion in making the custody orders and name change. Lisa contends Grant should be allowed to carry the names of both parents.

"Child custody is indeed one of the most difficult areas faced by a trial court, let alone an appellate court." *Hill v. Hill*, 228 Kan. 680, 685, 620 P.2d 1114 (1980).

"The paramount question for determination of custody as between the parents is what best serves the interests and welfare of the children. All other issues are subordinate thereto." *Simmons v. Simmons*, 223 Kan. 639, 642, 576 P.2d 589 (1978).

"Whether a child custody order will be changed or modified rests in the sound judicial discretion of the trial court. Its judgment will not be disturbed unless the record clearly shows that

discretion to have been abused." *Richardson v. Richardson*, 211 Kan. 172, 172-73, 505 P.2d 690 (1973). Discretion is abused only when no reasonable person would take the view adopted by the trial court. *Simmons*, 223 Kan. at 643.

In *Simmons*, the Kansas Supreme Court stated:

"The trial court is in the most advantageous position to judge how the interests of the children may best be served. [Citations omitted.] While an appellate court has only the printed page to consider, the trial court has the advantage of seeing the witnesses and parties, observing their demeanor, and assessing the character of the parties and quality of their affection and feeling for the children. [Citation omitted.]" 223 Kan. at 643.

Actions relating to the custody of children are predominantly factual, and decisions are wisely left to the sound discretion of the trial court. See *In re Marriage of Talkington*, 13 Kan. App. 2d 89, 93, 762 P.2d 843 (1988).

The evidence was highly conflicting, and positives and negatives existed as to both parents. The trial court took judicial notice of a previous child in need of care case, considered the recommendation of Kansas Social and Rehabilitation Services, weighed the background and present condition of both parties and their ability to provide a stable and nurturing environment for Grant, and reached a difficult decision. There was substantial competent evidence to support the trial court's decision, although there was likewise contrary evidence which would have supported a different one. It is not the practice of appellate courts to reevaluate the evidence and retry the case when a decision has been reached by an experienced and fully advised trial judge based on substantial competent evidence. We have carefully reviewed the record and hold the trial court did not abuse its discretion in making its order concerning Grant's custody.

Lisa argues the court should have allowed Grant to carry the name of both parents, but cites no Kansas law to substantiate this contention.

Lisa contended at oral argument that it has become a cultural norm for a child to carry the name of both parents in situations where the parents have not and do not intend to marry. Although this argument was not made to the trial court and cannot be first raised on appeal, see *Diversified Financial Planners, Inc. v. Mad-*

*erak,* 248 Kan. 946, 948, 811P.2d 1237 (1991), we have considered this contention and find it has no merit.

The question of names is discussed in 1 Elrod, Kansas Family Law Handbook §4.012 B (rev. ed. 1990), where it states: "In the case of a nonmarital child, the court will also use the best interest standard in deciding whether the name should be the mother's or the father's" (citing *Bobo v. Jewell,* 38 Ohio St. 3d 330, 528 N.E.2d 180 [1988]; *Hamby v. Jacobson,* 769 P.2d 273 [Utah App. 1989]).

In the absence of any Kansas statutes covering this issue, we hold it was within the trial court's discretion to order the child's surname should be that of the father's, Dorsey. Although no Kansas law appears to require a child's surname to be that of the father, we will not hold it was an abuse of discretion or not in the best interests of the child for the trial court to so order.

Affirmed.