## JAMES M. PIPER v. THOMAS L. MATKINS.

### No. 466.

BURDEN OF PROOF—*Action on Account—Erroneous Instruction.*
In an action on an account, wherein the answer puts in issue all
the allegations of the petition, the burden of establishing a right
to recover is on the plaintiff throughout the trial, and an instruc-
tion to the jury that in effect shifts the burden of proof to the
defendant is reversible error.

Error from Morris district court; JAMES HUM-
PHREY, judge.   Opinion filed December 15, 1898.   Re-
versed. .

### STATEMENT.

THIS was an action by Matkins against Piper on an
account.   The defense was, first, a general denial,
and second, a set-off comprising one item of account.
At the conclusion of the evidence, the court gave,
among others, these instructions :

" 16.  The items set forth in the plaintiff's bill of
particulars are all denied by the defendant, and that
throws upon the plaintiff the burden of proving by
what is called a preponderance of the evidence the
items, or any of the items—in fact all of the items—
in his bill of particulars or petition.   That is, it is his
duty to make it clear to your minds that he is right—
since these matters are denied.  Then it devolves upon
the defendant to convince you that he is not right.
That is merely what is meant by a preponderance of
evidence.

"17.  The same principle applies to the items set
up in the defendant's bill of particulars or counter-
claim.   That is, it devolves upon him to prove that
two more head of stock were delivered than were
sold."

There are two assignments of error :  (1) Refusing
a new trial ;  (2) in giving the instructions quoted.

*Charles B. Graves*, for plaintiff in error.

*M. B. Nicholson*, for defendant in error.

The opinion of the court was delivered by

MAHAN, P. J. : It is contended that the court ought to have granted a new trial for the reason that the verdict is contrary to the evidence, contrary to law, and is excessive in amount. A part of the controversy grew out of a sale of personal property on Piper's ranch, which the plaintiff Matkins claimed was not delivered according to the contract. Aside from this there were two items, one for a commission of $500 for the sale of a part of Piper's ranch, and another item of $119 for commission for the sale of 119 cattle belonging to Piper, to one Hood. The sale of the personal property was evidenced by a contract referred to as a bill of sale, in which the items of property sold were described.

The items for which the suit was brought, aside from the commission, were not mentioned specifically in this contract, and the plaintiff, Matkins, claimed that they ought to have been mentioned, but were omitted by the mistake of either the attorney who drew the contract, or the typewriter, or Piper, and that it was agreed at the time, the attention of the parties having been called to it by Matkins, that the omissions were made, and that Piper agreed to make it right without stopping to rewrite the article, inasmuch as the attorney was ill and the hour was late and the parties were in haste to get away. On the part of Piper, it is claimed that there was no mistake ; that there was no reference to it at the time the article was drawn, and that there was no promise to make it right ; that everything that was sold was delivered ;

and that there was no contract for commissions and no indebtedness on that account. Witnesses were called on both sides to corroborate the contentions of the respective parties.

The contention under this head is that there was no mutual mistake ; that it was impossible that there could be ; and that therefore the jury were wrong in allowing anything on account of the articles claimed to have been omitted from the contract. It is further claimed that the jury ignored the direction of the côurt with respect to this matter. It was a question for the jury to say whether there was a mutual mistake and whether it was agreed between the parties that it should be subsequently corrected and made right. As to a part of the items, the jury found for the plaintiff, and their finding is supported by the evidence.

The law doubtless is that the burden of proof is on the party having the affirmative of the issue. There is no question but that in the first instance, as to the allegations of the plaintiff's petition on all the items of his account, the burden was on him to establish everything that was necessary to enable him to recover, and that this burden never shifted ; that at no time was the burden on the defendant to prove the contrary. It is true that as the case progressed the burden of- going forward with the evidence did shift to the defendant, but after the evidence was all concluded, in the consideration thereof by the jury, the burden of proof still rested on the plaintiff as to all matters on which he founded his claim ; and the question is, Did that part of the instruction which says, " Then it devolves upon the defendant to convince you that he is not right," signify to the jury a change of the burden of proof upon the final deter-

mination of the case? The court adds: "That is merely what is meant by a preponderance of the evidence." And would not the jury naturally and inevitably draw from the statement first above quoted that if the plaintiff had convinced them and made it clear to their minds.that he was right, then the burden shifted to the defendant to show by a preponderance of evidence that he was not right? It surely placed on the defendant the same responsibility in the matter of the introduction of evidence as it did on the plaintiff. Does it not necessarily negative the proposition that if the jury should be of the opinion, in weighing the evidence, that it was equally balanced, and that the plaintiff on the whole case did not have a preponderance of evidence, they should find for the defendant? There is no doubt but that this is the correct rule in such cases.

We are of the opinion that the instruction placed the defendant at a disadvantage not authorized by law; that the instruction is prejudicially erroneous; and for this error the judgment must be reversed and a new trial awarded. (5 A. & E. Encycl. of L. [2d ed.] 21–26.)