(186 P.3d 852)
No. 99,311

IN THE MATTER OF THE MARRIAGE OF SONYA RENE GRIPPIN, *Appellant*, and MICHAEL WILLIAM GRIPPIN, *Appellee*.

—

Opinion filed July 3, 2008.

*Gary A. Nelson*, of Gary A. Nelson, P.A., of Leavenworth, for appellant.

*Robert D. Campbell*, of Campbell Law Office, P.A., of Atchison, for appellee.

Before McANANY, P.J., GREEN and CAPLINGER, JJ.

McANANY, J.: Sonya Renee Pruett appeals the district court's order granting primary residential custody of her son to her former husband, Michael William Grippin. Since the district court improperly imposed the burden of proof on Pruett in entering its placement order, we reverse and remand for further proceedings consistent with this opinion.

Sonya's and Michael's son was born in September 1996. Sonya and Michael married the following February. Their marriage was short-lived. Sonya filed for divorce 5 months later, in July 1997. The divorce was granted in October 1997, and Sonya was granted the primary residential placement of their son, subject to Michael's reasonable parenting time. We need not recount the events of the decade that followed other than to note that the parties remained in the Atchison area, Sonya remarried, and her husband was offered a job in Arizona in early 2007.

Sonya traveled to Arizona in March 2007 to investigate the housing and school situations. She called Michael from Arizona to advise him of the anticipated move. According to Sonya, Michael objected to the move, but he eventually consented and orally agreed to the parenting schedule she proposed. Michael asserted

that he told Sonya that he did not want his son moving away and that he would need to have his attorney review any proposed parenting schedule.

Sonya did not consult with counsel until shortly before her move. She provided Michael with written notice of her intention to move with their son to Arizona, but not 30 days in advance of the move as required by K.S.A. 60-1620(a)(2).

Michael promptly moved to change the residential placement of their son, claiming the move to Arizona constituted a material change in circumstances. The evidentiary hearing on the motion occurred on April 2, 2007, after Sonya and her son had completed the move. Following the hearing, the court ordered Michael to serve as the primary residential parent. Sonya moved to set aside the order or, in the alternative, to reconsider. Following another evidentiary hearing, the court denied Sonya's motion. Sonya appeals.

In considering the district court's ruling, we apply the abuse of discretion standard. *In re Marriage of Whipp*, 265 Kan. 500, 506, 962 P.2d 1058 (1998). Judicial discretion is abused when the decision is based upon inapplicable legal standards or when no reasonable person could have reached a similar determination under the facts presented. See *State v. Adams*, 284 Kan. 109, 114, 159 P.3d 977 (2007). Our concern is with the first of these alternatives.

A district court's exercise of discretion is abused when its ruling is not reasonably made within the confines of the applicable rules of law. 284 Kan. at 114. The burden of proof to be applied in a given case is a rule of law. See *In re Estate of Farr*, 274 Kan. 51, 62, 49 P.3d 415 (2002). Consequently, the district court abuses its discretion when it misapplies the burden of proof in arriving at its placement decision.

The district court is not required to entertain needlessly repetitive hearings on the custody or residential placement of a minor child of divorced parents. Accordingly, as the threshold issue in such a postdivorce proceeding, K.S.A. 2007 Supp. 60-1610(a)(2)(A) requires a showing of a material change in circumstances. Michael, as the movant, bore the burden of establishing such a material change in circumstances. See *Simmons v. Simmons*, 223 Kan. 639,

642, 576 P.3d 589 (1978); *Kimbell v. Kimbell*, 190 Kan. 488, 490, 376 P.2d 881 (1962). K.S.A. 60-1620(c) permitted the court to consider Sonya moving her son to Arizona to be a material change in circumstances. Since there is no dispute about the fact of the move, Michael clearly met that burden. While this satisfied the threshold requirement for the court to consider the merits of Michael's motion, it did not end the inquiry. In deciding whether the child should live with Sonya in Arizona or with Michael in Atchison, K.S.A. 60-1620(c) required the court to consider all appropriate factors, including:

"(1) The effect of the move on the best interests of the child; (2) the effect of the move on any party having rights granted pursuant to K.S.A. 60-1610, and amendments thereto; and (3) the increased cost to move will impose on any party seeking to exercise rights granted under K.S.A. 60-1610, and amendments thereto."

Michael, as the movant, bore the burden of proving that consideration of these and any other appropriate factors established that it was in his son's best interest that the boy remain in Atchison with his father. However, in ruling on Michael's motion, the judge stated:

"I cannot believe it's in this child's best interest.
"It's the mother's job, if she's going to move, to put on evidence that that is a fact. She has failed.
"Accordingly, the Court is denying the request of the mother to simply pick up the child and go without giving notice, without giving any warning to the father."

This is consistent with the journal entry memorializing this ruling, in which the district court stated: "Petitioner [Sonya] has failed to meet her burden to show that it is in the best interest of the child to move to Arizona."

The outcome of any fact-driven proceeding is determined by the ability of the party bearing the burden of proof to persuasively carry that burden. See *Miller v. Kruggel*, 165 Kan. 435, 439, 195 P.2d 597 (1948); *Piper v. Matkins*, 8 Kan. App. 215, 217, 55 Pac. 487 (1898). Here, the district court clearly placed that burden on the wrong party. Michael had the burden of proving that a change in the residential placement of his son was warranted. The district court placed that burden on Sonya.

Nevertheless, Michael argues:

"It is plain to see in the context of the evidence that the court merely stated the obvious — that father made a prima facie showing that there was a material change in circumstances and that it was in the best interest of the child to be placed in the custody of the father."

We must decline Michael's invitation to have us reweigh the conflicting evidence and conclude that he met his burden of proof. That is a task the district court is uniquely qualified to do. We, on the other hand, are not. Accordingly, we must reverse the district court, set aside the order changing the primary residential placement of this child, and remand the case to the district court for it to reconsider the evidence previously presented to determine if Michael has met his burden of proving that primary placement of his son should be changed from Sonya to him.

Since resolution of the remaining issues raised by Sonya may have some effect on remand, we will consider them. See *Rodarte v. Kansas Dept. of Transportation*, 30 Kan. App. 2d 172, 183, 39 P.3d 675, *rev. denied* 274 Kan. 1113 (2002).

First, Sonya contends the district court erred in using the placement decision to punish her for failing to provide the requisite statutory notice of her intent to remove her son from Kansas. A child's residential placement must be made in the best interests of the child, not in retaliation for a parent's misconduct. See *Simmons*, 223 Kan. at 642. K.S.A. 60-1620(b) provides for sanctions against a parent who fails to give notice of a change of residence or removal of a child from Kansas. A change of residential placement is not one of the sanctions. The district court may have momentarily misspoke when announcing that "the Court is denying the request of the mother to simply pick up the child and go without giving notice, without giving any warning to the father." At issue was Michael's motion to change custody, not a request by Sonya for leave to take her son to Arizona. In any event, the district judge continued, "As she has already moved, I have no choice but to grant the request for change of custody." As noted earlier, the mere fact of the relocation to Arizona does not mandate a change in residential placement of the child. On remand, the district court must consider all

the relevant factors in determining which residential placement will better serve the interests of the child.

Finally, Sonya argues that the district court failed to apply the statutory factors enumerated in K.S.A. 2007 Supp. 60-1610(a)(3)(B) in making its residential placement decision in accordance with the best interests of the child. The relevant provisions of K.S.A. 2007 Supp. 60-1610(a)(3) are as follows:

"(B) In determining the issue of child custody, residency and parenting time, the court shall consider all relevant factors, including but not limited to:

. . . .

(ii) the desires of the child's parents as to custody or residency;

(iii) the desires of the child as to the child's custody or residency;

(iv) the interaction and interrelationship of the child with parents, siblings and any other person who may significantly affect the child's best interests;

(v) the child's adjustment to the child's home, school and community; [and]

(vi) the willingness and ability of each parent to respect and appreciate the bond between the child and the other parent and to allow for a continuing relationship between the child and the other parent;

. . . .

"(C) Neither parent shall be considered to have a vested interest in custody or residency of any child as against the other parent, regardless of the age of the child, and there shall be no presumption that it is in the best interests of any infant or young child to give custody or residency to the mother."

The district court did not specifically address any of these factors in its ruling. However, Sonya did not object to the court's findings. Thus, we must presume that the district court found the facts necessary to support its decision. *In re Marriage of Whipp*, 265 Kan. at 508-09. On remand, however, we encourage the district court to detail its findings in the context of these statutory factors and any other factors the court deems relevant, rather than require us and the parties to resort to presumptions.

In this regard, we note that the court is entitled to consider Sonya's failure to provide the notice required by K.S.A. 60-1620(a) in evaluating some of her testimony. Sonya testified about how well her son had adjusted to his new environment in Arizona, particularly with regard to the school he attended. The notice provision of K.S.A. 60-1620(a) is designed to allow consideration of the likely impact of a move before it occurs, thereby minimizing disruptions

in the child's life. Relocating the child before a best-interests determination can be made frustrates the salutary purpose of the statute. Thus, to permit a parent who violated the notice requirements of K.S.A. 60-1620(a) to argue that it would not be in the child's best interests to change residential placement because the child has adjusted to the new environment would effectively reward that parent for ignoring the statutory notice provision. The district court is entitled to take this into account in considering the testimony of a parent who ignored the notice provisions of K.S.A. 60-1620(a).

Reversed and remanded with instructions.