NOT DESIGNATED FOR PUBLICATION

No. 116,548

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JAMES M. TRUNCK,
*Appellee*,

v.

MICHELLE ANN-MARIE (SAVITSKI ) POND,
*Appellant*.

MEMORANDUM OPINION

Appeal from Geary District Court; MARITZA SEGARRA, judge. Opinion filed July 14, 2017. Reversed and remanded.

*Mark Edwards*, of Hoover, Schermerhorn, Edwards, Pinaire & Rombold, of Junction City, for appellant.

*Gary L. Conwell*, of Conwell Law, LLC, of Topeka, for appellee.

Before GARDNER, P.J., PIERRON, J., and BURGESS, S.J.

*Per Curiam*:  Michelle Ann-Marie Pond, f/k/a Michelle Ann-Marie Savitski (Mother) appeals the district court's denial of her motion to alter or amend judgment. Mother contends the district court erred as a matter of law because her failure to provide James M. Trunck (Father) notice of a move pursuant to K.S.A. 2016 Supp. 23-3222(a) was not a material change of circumstance since Father had actual notice of the move. Mother also contends granting Father residential placement of C.T.-S. was not in the child's best interest. Finding that failure to give notice is not a material change, this case is reversed and remanded.

1

In 2008, Mother gave birth to C.T.-S. and Father acknowledged his paternity.

In 2015, Mother married Damian Pond, an officer in the United States Army. On September 8, 2015, Mother, C.T.-S., and Damian moved to Fort Sill, Oklahoma. Prior to the move, Father sent a letter to the district court requesting it enjoin Mother from moving C.T.-S. out of state, but no action was taken.

On January 1, 2016, Mother notified Father of her intention to move to Fort Wainwright, Alaska, as of February 20, 2016, and Father filed a "Short Form of Concerns." Father also filed a motion to enforce and/or modify parenting time. On February 2, 2016, Father filed an amended motion to change C.T.-S.'s residency.

Father's amended motion to change C.T.-S.'s residency identified Mother's pending move to Alaska as a material change in circumstances warranting a change of residency. The motion also alleged Mother failed to provide him with her address when she moved to Manhattan, Kansas; Mother failed to provide notice pursuant to K.S.A. 2016 Supp. 23-3222(a) of her move to Oklahoma; Mother failed to comply with the parenting plan; Mother denied Father parenting; and Mother did not make C.T.-S. available for phone calls with Father.

The district court heard evidence on Father's motion on February 22, 2016, and February 29, 2016. Father, C.T.-S.'s paternal grandmother, Mother, Pond, and C.T.-S.'s maternal grandfather testified. Following a brief recess after closing arguments, the district court announced its decision from the bench. The district court addressed the factors in K.S.A. 2016 Supp. 23-3203, indicating the factors weighing heavily in its decision were: the ability of the parents to communicate, cooperate, and manage parental duties; Mother's and Father's willingness to respect and appreciate the bond between the

2

child and the other parent, allowing for a continuing relationship between them; and the interaction and interrelationship of the child with parents and any other person who may significantly affect the child's best interest.

The district court indicated it considered Mother's failure to comply with K.S.A. 2016 Supp. 23-3222(a) was a material change in circumstances. The district court expressed concerns regarding Mother allowing C.T.-S. to call Pond "Daddy" and expressed concerns over Mother's unilateral modification of the parenting plan. Finally, the district court found placing C.T.-S. with Father meant C.T.-S. would be surrounded by family while continuing placement with Mother meant C.T.-S. would move to a place where he has no relationships except those with Mother and his stepfather. The district court found granting residential placement to Father would be in the child's best interest.

Mother moved to alter or amend the judgment, alleging the district court erred when it found her failure to provide notice pursuant to K.S.A. 2016 Supp. 23-3222(a) was a material change in circumstance because Father had actual notice of the move. Mother also argued continuing residential placement with her was in C.T.-S.'s best interest because "she would provide a better home environment and do a better job of rearing [C.T.-S.] in light of her past performance and her plan going forward." After hearing arguments, the district court indicated it did not grant Father residential custody to punish Mother for her failure to provide notice. The district court indicated it believed residential placement with Father was in the best interest of the child. The district court denied Mother's motion to alter or amend the judgment.

ANALYSIS

Mother only appeals the denial of her motion to alter or amend the judgment. An appellate court reviews the denial of a motion to alter or amend the judgment for an abuse of discretion. *Exploration Place, Inc. v. Midwest Drywall Co.*, 277 Kan. 898, 900, 89

3

P.3d 536 (2004). A judicial action constitutes an abuse of discretion if (1) no reasonable person would take the view adopted by the trial court; (2) the action is based on an error of law; or (3) the action is based on an error of fact. *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 74, 350 P.3d 1071 (2015).

### MOTHER DID NOT PROVIDE NOTICE PURSUANT TO K.S.A. 2016 SUPP. 23-3222(a), BUT HER NOTICE COMPLIED WITH THE PURPOSE OF THE STATUTE

Mother argues the district court erred when it found she did not provide Father with notice pursuant to K.S.A. 2016 Supp. 23-3222(a) because Father had actual notice of her moves to Oklahoma and Alaska. Mother contends her failure to provide statutory notice did not prejudice Father because he had actual notice of the moves. She also argues the district court erred when it based its finding on a hypothetical situation in which she failed to provide any notice. Father argues K.S.A. 2016 Supp. 23-3222(a) requires notice by restricted mail, return receipt requested. Father contends compliance is mandatory.

K.S.A. 2016 Supp. 23-3222(a) states, in relevant part:

"[A] parent entitled to legal custody or residency of or parenting time with a child under this article shall give written notice to the other parent not less than 30 days prior to: (1) Changing the residence of the child; or (2) removing the child from this state for a period of time exceeding 90 days. *Such notice shall be sent by restricted mail, return receipt requested, to the last known address of the other parent*." (Emphasis added.)

Interpretation of a statute is a question of law over which appellate courts have unlimited review. *Neighbor v. Westar Energy, Inc.,* 301 Kan. 916, 918, 349 P.3d 469 (2015). The most fundamental rule of statutory construction is that the intent of the legislature governs if that intent can be ascertained. *State ex rel. Schmidt v. City of Wichita*, 303 Kan. 650, 659, 367 P.3d 282 (2016). An appellate court must first attempt to

4

ascertain legislative intent through the statutory language enacted, giving common words their ordinary meanings. *Ullery v. Othick*, 304 Kan. 405, 409, 372 P.3d 1135 (2016). When a statute is plain and unambiguous, an appellate court should not speculate about the legislative intent behind that clear language, and it should refrain from reading something into the statute that is not readily found in its words. 304 Kan. at 409. Where there is no ambiguity, the court need not resort to statutory construction. Only if the statute's language or text is unclear or ambiguous does the court use canons of construction or legislative history to construe the legislature's intent. 304 Kan. at 409.

The plain language of K.S.A. 2016 Supp. 23-3222(a) requires the custodial parent send written notice of a move by restricted mail, return receipt requested. The notice provision "is designed to allow consideration of the likely impact of a child's move before it occurs, thereby minimizing disruptions in the child's life." *In re Marriage of Grippin,* 39 Kan. App. 2d 1029, Syl. ¶ 6, 186 P.3d 852 (2008).

Here, on January 6, 2016, Father filed a "Short Form of Concerns" indicating Mother notified him on January 1, 2016, of her intent to move to Alaska on February 20, 2016. Father clearly had actual notice of the intended move far earlier than the 30 days K.S.A. 2016 Supp. 23-3222(a) requires. In addition, Father acknowledged he received notice of the move to Oklahoma on July 23, 2015, more than 30 days before the move occurred on September 8, 2015. While Mother did not comply with K.S.A. 2016 Supp. 23-3222(a) because she failed to send notice by registered mail, return receipt requested, her notice served the statute's purpose. Father had an opportunity to ask the court to consider the impact of the moves before they occurred. There is no evidence that Father suffered any harm or prejudice as a result of Mother's failure to send notice by registered mail.

MOTHER'S FAILURE TO COMPLY WITH K.S.A. 2016 SUPP. 23-3222(a) WAS NOT A
MATERIAL CHANGE IN CIRCUMSTANCES

Mother argues the district court erred when it found her failure to provide statutory notice enabled the district court to reexamine C.T.-S.'s residential placement. She argues Father acknowledged receiving notice of the relocations to Oklahoma and Alaska more than 30 days before relocations occurred. Mother acknowledges that her relocation to Alaska required a modification of the prior parenting plan. However, Mother contends that "the Court's finding that a material change of circumstances had occurred due to [her] failure to send the notice by certified mail, return receipt requested, was error."

Mother also faults the district court for the omission of the statutory notice requirement from the permanent parenting plan. However, following the attorneys' signatures is the notation: "Me:savistski.parent.plan." Similar notations appear on the documents filed by Mother's attorney. They do not appear on documents filed by Father's attorney. Therefore, it appears that Mother's attorney, not the district court, prepared the parenting plan. The district court is not to blame for the failure to include the notice requirements of K.S.A. 2016 Supp. 23-3222(a) in the parenting plan.

Father contends the failure to provide notice as required by K.S.A. 2016 Supp. 23-3222(a) may trigger a review of a child's residential placement if a material change in circumstances exists. Father contends the statutory notice informs a noncustodial parent of a move which may be a material change of circumstances requiring a determination of the child's residential placement.

Pursuant to K.S.A. 2016 Supp. 23-3218(a), a district court may modify a prior residency order when a party shows a material change in circumstances. A material chance of circumstances "'"must be of a substantial and continuing nature as to make the terms of the initial decree unreasonable."'" *Johnson v. Stephenson*, 28 Kan. App. 2d 275,

6

280, 115 P.3d 359 (2000) (quoting 1 Elrod, Kansas Family Law Handbook § 13.043 [rev. ed. 1990]). Pursuant to K.S.A. 2016 Supp. 23-3222(c), a change in the child's residence may be a material change in circumstances justifying modification of a prior order.

In announcing its ruling on the motion to alter or amend judgment, the district judge indicated she considered Mother's failure to provide notice a material change in circumstances, stating:

> "The triggering event, of course, was the notice. That is a statutory requirement. Whether counsel left it out of the journal entry or not, doesn't mean that it's not still a requirement. Of course, a notice is a requirement and it's an important requirement, because in a situation such as this, for instance, where you have people that are moving out of state or moving quite often, you have one parent that isn't given the notice properly as—as—as laid out by statute, to let them know, in writing, where that child is going to be, where that contact is. The Court thinks that's very important information.
>
> "In this case, the mother did testify—and there was—there was evidence that was appended to the—or evidence—there were exhibits that were appended to motions. And then they were admitted as exhibits in the trial. And there was testimony that the dates that were on the exhibits were not the correct dates that she had actually given him the notice on; that it had actually occurred after the move. And—and not as—as required by statute. So the Court did use that as a triggering event and [the] Court believes that I— that I properly did that. That that was the only thing that I relied on—upon, is the Court believe incorrect."

The district court did not find any other material change of circumstances during the hearing on Mother's motion to alter or amend, in its written order granting Father residential placement, or when the court announced its decision after the evidentiary hearing. Notably, the district court did not find the upcoming move to be a material change in circumstances. Further, a panel of this court held the district court "is not required to modify residential placement based solely on the residential parent's failure to provide statutorily required notice prior to relocation." *In re Marriage of Moore*, No.

7

99,179, 2008 WL 5401365, at *5 (Kan. App. 2008) (unpublished opinion). The district court was not required to modify residential placement simply because Mother did not comply with K.S.A. 2016 Supp. 23-3222(a). As a result, in order to modify the district court's prior residency order, Mother's failure to provide notice by restricted mail, return receipt requested, """must be of a substantial and continuing nature as to make the terms of the initial decree unreasonable.""" *Johnson*, 28 Kan. App. 2d at 280 (quoting 1 Elrod, Kansas Family Law Handbook § 13.043.

Mother admitted she never provided notice pursuant to K.S.A. 2016 Supp. 23-3222(a). However, Father acknowledged receiving notice of the moves to both Oklahoma and Alaska more than 30 days before the moves occurred. Mother's failure to provide notice by restricted mail, return receipt requested, did not make the terms of the initial decree unreasonable. The district court's denial of her motion to alter or amend the judgment was based on an error of law. As such, the case is reversed and remanded.

Since there was not a proper finding of a material change of circumstances, there was no basis for the district court to proceed to a best interest analysis. With the reversal of this case based on an improper finding of a material change, all remaining issues are rendered moot.

Reversed and remanded.