NOT DESIGNATED FOR PUBLICATION

No. 120,758

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

DONELLE ELIZABETH SMITH,
*Appellee*,

and

ANDREW KYLE SMITH,
*Appellant*.

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Opinion filed October 25, 2019. Affirmed.

*Thomas A. Dower*, of Gilliland & Hayes, LLC, of Hutchinson, for appellant.

*Dan W. Forker, Jr.* and *Lauren C. Alvidrez*, of Forker Suter LLC, of Hutchinson, for appellee.

Before STANDRIDGE, P.J., PIERRON and ATCHESON, JJ.

PER CURIAM: After getting divorced in 2013, Donelle Smith (Mother) and Andrew Smith (Father) shared physical custody of their daughter, T.S., with each party taking primary custody on alternating weeks. That changed in June 2018 when Mother moved to Mechanicsville, Virginia, to pursue an employment opportunity. In late summer, Father filed a motion to modify custody asking the district court to enter an order designating him as the permanent primary residential custodian for T.S. But following an evidentiary hearing, the court denied Father's motion and granted primary residential custody of T.S. to Mother. Father now appeals, claiming that the district court abused its discretion by issuing a decision that was not based on substantial competent

1

evidence. For the reasons stated below, we find the district court did not abuse its discretion by awarding primary residential custody of T.S. to Mother; therefore, we affirm.

FACTS

The factual record in this case is sparse. There is no record of the testimony presented to the district court at the evidentiary hearing on the custody issue. Likewise, there is no record of the exhibits, if any, that were offered or admitted into evidence at that hearing. And the parties have referred to several alleged facts in their briefs that are not set forth in the record on appeal.

To the extent that we can glean the facts from the record, it appears that Mother and Father are the natural parents of T.S., who was born in 2011. They were granted a divorce on December 16, 2013, in Platte County, Missouri. As part of that divorce, Mother and Father agreed to joint legal and residential custody of T.S. At some point after the divorce, Mother moved from the Kansas City area to Hutchinson, Kansas, to pursue better employment opportunities. Father followed, negotiating with his own employer to work remotely so that he could relocate to Hutchinson, Kansas, and maintain the shared physical custody arrangement. Mother and Father lived in Kansas for more than two years and continued to share custody of T.S. without incident.

Mother also has an older, teenage daughter from a prior relationship. Father and the teenager had a "substantial relationship," and the teenager would stay with Father every other week when he had physical custody of T.S. At some point in 2016, Father gave the teenager a cell phone. Unbeknownst to Father, the phone was connected to a cloud based storage drive. The teenager was able to gain access to that cloud drive where she found nude and sexually explicit photographs of Father and an adult female. This reportedly "upset and disturbed" the teenager, who showed the photos to Mother. Mother

2

testified she believed the disclosure of the photos was inadvertent, and Father testified that he did not know how the teenager was able to gain access to the photos. There was no evidence that T.S. was ever exposed to the photographs. Mother continued to allow both T.S. and the teenager to stay with Father for approximately two years after the disclosure, with no additional incidents or problems.

During the 2017-2018 school year, Mother lost her job in Hutchinson but was able to find a similar job with increased compensation in Virginia. Mother moved to Virginia to begin her new employment in June 2018. Mother and Father agreed that T.S. could spend the summer in Virginia but that they would need to discuss and work out her primary residency before the beginning of the 2018-2019 school year. The parties were unable to reach an agreement and, on August 14, 2018, Father filed a motion to modify custody in the Reno County District Court. Mother opposed the motion.

On September 4, 2018, the district court granted Father temporary residential custody of T.S. and ordered the parties to participate in mediation in an effort to agree on a permanent custody arrangement for T.S. That mediation was apparently unsuccessful, and the custody matter was set for an evidentiary hearing on November 19, 2018. Following that hearing, the district court ruled from the bench that it was granting Mother primary residential custody of T.S. In its later written findings, the district court noted that most of the relevant statutory factors weighed equally between Mother and Father but—highlighting the 2016 nude photos incident involving the teenager—concluded that T.S.'s "best interest is served by living primarily with her mother and spending significant time with her father as the school calendar allows."

Father filed a motion to reconsider on January 10, 2019, arguing that the district court's decision was not supported by the evidence. Specifically, Father claimed the court's decision was based almost entirely on the 2016 nude photos incident and the alleged trauma it caused the teenager, notwithstanding the fact that there was no evidence

presented at the hearing that the teenager experienced trauma. The district court held a hearing on January 25, 2019, but ultimately denied Father's motion. In doing so, the district court judge noted:

> "[I]f I were deciding between you two having shared custody and you having no custody there's no hesitation. I would give you shared custody but I had to decide between Virginia and Kansas and you are very equally attractive parents as I found. You both respect each other, you both have stable lives, you both have nice homes, you both have extended family. I had to make a decision, though and I felt like that was valid."

Father timely appealed. While the appeal has been pending, Mother filed a motion seeking $1,021 from Father, per month, in child support.

## ANALYSIS

Father argues the district court's decision to grant Mother primary residential custody of T.S. is not supported by substantial competent evidence. A district court's decision to grant or deny a motion to modify child custody or residency order will not be disturbed in the absence of an abuse of discretion. See *In re Marriage of Grippin*, 39 Kan. App. 2d 1029, 1031, 186 P.3d 852 (2008).

> "Judicial discretion is abused if judicial action (1) is arbitrary, fanciful, or unreasonable, *i.e.*, if no reasonable person would have taken the view adopted by the trial court; (2) is based on an error of law, *i.e.*, if the discretion is guided by an erroneous legal conclusion; or (3) is based on an error of fact, *i.e.*, if substantial competent evidence does not support a factual finding on which a prerequisite conclusion of law or the exercise of discretion is based. [Citation omitted.]" *State v. Ward*, 292 Kan. 541, 550, 256 P.3d 801 (2011).

An appellate court reviews the evidence in the light most favorable to the prevailing party to determine if the district court's factual findings are supported by substantial competent evidence and whether they support the court's legal conclusions.

"Substantial competent evidence is '"evidence which possesses both relevance and substance and which furnishes a substantial basis of fact from which the issues can reasonably be resolved."'" *Wiles v. American Family Life Assurance Co.*, 302 Kan. 66, 73, 350 P.3d 1071 (2015). This court does not reweigh the evidence, pass on witness credibility, or redetermine questions of fact. *In re Marriage of Vandenberg*, 43 Kan. App. 2d 697, 705, 229 P.3d 1187 (2010).

Pursuant to K.S.A. 2018 Supp. 23-3201, a district court must "determine legal custody, residency and parenting time of a child in accordance with the best interests of the child." K.S.A. 2018 Supp. 23-3203(a) lists 18 nonexclusive factors that the district court must consider when determining the best interests of the child. Here, the district court's written order made findings of fact, considered the relevant statutory factors related to the best interests of the child in light of those facts, and then concluded as a matter of law that granting Mother primary physical custody was in the best interests of the child.

Father argues the factual findings made by the district court are not supported by substantial competent evidence. In support of this argument, Father does not cite to the "Findings of Fact" section of the court's order, but instead cites to the factual findings made by the court in the "Discussion" section of the opinion:

> "[T.S.] has parents who could continue to successfully co-parent with shared residency but that is not possible due to the distance between homes. [Father]'s lapse in allowing his former step-daughter to access sexually explicit photos hopefully has led to [Father] examining his own behavior. *Unfortunately, the emotional trauma to the young girl will not be erased by an apology.* At this time in [T.S.]'s life her best interest is served by living primarily with her mother and spending significant time with her father as the school calendar allows." (Emphasis added.)

5

Although the italicized statement is made by the district court under the Discussion section of its order and not the Findings of Fact section, we necessarily conclude the statement is a finding of fact upon which the district relied in making its custody decision. Our conclusion in this regard is based both on the factual nature of the statement and the fact that the statement immediately precedes the court's conclusion of law that granting primary physical custody to Mother would be in T.S.'s best interests.

Having concluded that the statement constitutes a finding of fact by the court, we now move to Father's claim that this factual finding is not supported by substantial competent evidence. Father appears to concede there was testimony from Mother at the hearing that the teenager was "upset and disturbed" after the teenager found the sexually explicit photographs on the phone. But Father claims the record contains no evidence, let alone substantial competent evidence, to support a finding that the teenager or T.S. suffered emotional trauma, as found by the district court. To the contrary, Father asserts that T.S. never even saw the photos, that Mother continued to share physical custody of T.S. and the teenager with Father after the incident as she did before the incident, and that the record contains no evidence that the isolated photo incident resulted in any negative change in behavior, trouble in school, or need for therapy for either T.S. or the teenager.

Given there is no transcript of the evidentiary hearing, we are unable to determine whether the district court's factual finding that the teenager suffered emotional trauma is supported by substantial competent evidence in the record. As the appellant, Father has the duty to designate a record sufficient to establish his claim of error. See *Kelly v. VinZant*, 287 Kan. 509, 526, 197 P.3d 803 (2008).

In Mother's appellate brief, however, we note that she does not dispute the fact that there was no testimony that the teenager or T.S. suffered emotional trauma. Instead, Mother argues that the district court's decision was not based on this isolated factual finding in the Discussion section of the order. In support of her argument, Mother cites to

6

the transcript from the court's hearing on Father's motion to reconsider, in which the court responded to Father's argument regarding a lack of evidence to support the court's finding of emotional trauma:

> "I hope that you are right, [Father's counsel] and [Father], that there has been no lasting or emotional damage to the older daughter by what happened. Time will tell. Things like that don't always surface immediately but, you know, if I were deciding between you two having shared custody and you having no custody there's no hesitation. I would give you shared custody but I had to decide between Virginia and Kansas and you are very equally attractive parents as I found. You both respect each other, you both have stable lives, you both have nice homes, you both have extended family. I had to make a decision, though and I felt like that was valid. . . . [A]s I stated in my written findings a lack of maturity and that for me weighed the balance or tipped the balance."

The district court's language appears to acknowledge that, as Father argued, there was no evidence presented at the hearing that teenager had experienced "emotional trauma" to date. Nevertheless, the court denied Father's motion to reconsider its decision to grant Mother primary residential custody of T.S. In denying reconsideration, the court generally referenced the other findings in its original order that supported its custody decision. In that order, the court considered the emotional and physical needs of the child pursuant to K.S.A. 2018 Supp. 23-3203(a)(5) and determined that

> "[the child's] emotional needs are better met by her mother. [Father] displayed a lack of maturity and appropriate oversight in allowing his former step-daughter to access sexually explicit photos. [Father] testified he did not know [the teenager] could gain access but as a parent or former step-parent, [Father] should have known. Parents have a responsibility to monitor the information and images to which their children are exposed."

Father does not challenge the fact that the sexually explicit photos could be accessed on the phone he gave to the teenager or the fact that the teenager did, in fact,

access those photos. Evidence of the photos was presented at trial and both parties offered testimony with regard to the incident. The district court, upon reviewing the photo evidence and hearing testimony of the parties, determined that the child's exposure to the nude and sexually explicit photographs happened as a result of Father's failure to exercise appropriate oversight in monitoring the information and images to which the children were exposed. Father does not challenge the court's factual findings in this case that he had a lapse in judgment and that he failed to exercise appropriate oversight by allowing his former step-daughter to access sexually explicit photos of himself.

The district court was faced with making a difficult decision between two fit parents who were both seeking residential custody. The court found that the parties were both "very equally attractive parents." Although admittedly an isolated incident, the court's decision in this case was heavily influenced by the fact that Father gave the teenager a phone and that the teenager was able to access sexually explicit photos of Father. In turn, the court found that Father's actions in this regard represent a lapse in judgment and a failure to exercise appropriate oversight is similarly supported by substantial competent evidence. Father does not challenge the evidence that supports the district court's factual findings but instead highlights evidence that he believes would support a contrary conclusion. Specifically, Father argues that the absence of evidence to prove that the incident involving the photographs has had a lasting negative effect on the teenager supports an alternative conclusion with regard to the amount of weight this incident should have been given by the court in determining his ability to meet the emotional needs of the child.

But Father's argument fails to take into consideration our standard of review, which requires us to view the evidence "in a light most favorable to the prevailing party below to determine if the court's factual findings are supported by substantial competent evidence and whether those findings support the court's legal conclusion." *In re Marriage of Vandenberg*, 43 Kan. App. 2d at 704. We are not permitted to reweigh evidence and

determine credibility on contested issues. 43 Kan. App. 2d at 705. Here, the court expressly recognized this was a close case. And the court readily acknowledged that both parents met the emotional needs of the child. But the court concluded T.S.'s emotional needs would be better met by Mother given Father's lapse in judgment as described above. Perhaps another judge would have decided the custody issue differently. But reviewing the evidence in a light most favorable to Mother, as required, we hold that the district court's findings of fact are supported by substantial competent evidence and that those findings of fact support the court's decision to award primary residential custody of T.S. to Mother. As such, the district court did not abuse its discretion.

Affirmed.